May Term,
1858.

GRAY
v.
RICH.

———•◦◦•———

## GRAY *v.* RICH.

Action, commenced before a justice of the peace, for fraud in the sale of personal property. The complaint alleges that on, &c., the defendant sold the plaintiff a mare, for which he paid him 119 dollars, by giving his note, with security, due, &c.; that the defendant fraudulently represented the mare to be only eight years old, knowing her to be ten or twelve years old; that she was not worth as much as if she had been of the age represented. It was objected to this complaint—1. That the action was prematurely brought, the note not being due, and nothing having been paid toward the price of the animal. 2. That it does not allege that the animal was of less value than the contract price. *Held,* that the complaint was sufficient in an action commenced before a justice of the peace.

Saturday,
June 19.

APPEAL from the *Rush* Court of Common Pleas.

HANNA, J.—This was an action commenced by *Gray* against *Rich* before a justice of the peace, to recover damages for an alleged fraud in the sale of personal property. Upon the failure of the defendant to appear, the plaintiff recovered a judgment for 18 dollars. The defendant appealed to the Common Pleas, and, upon his motion, that Court dismissed the case for want of a sufficient cause of action.

The complaint alleges that on the 20th of *August,* 1853, the defendant sold plaintiff a mare, for which he paid defendant 119 dollars, by giving his note, with security, due the 25th of the next *December;* that the defendant fraudulently represented the said mare to be only eight years old, knowing the same to be ten or twelve. Then follows

an allegation that the animal was not worth as much as if
she had been of the age represented.

Two objections were taken to the complaint: First,
that the action was prematurely brought, even if the plain-
tiff could at any time maintain such suit.  Nothing had
been really paid toward the price of the animal; a note
had been given which was not due at the time suit was
brought.

This objection is not well taken.  The plaintiff had his
choice of remedies.  He might affirm the contract and sue
for the damage; or, if the fraud was of the character that
would justify it, he might disaffirm the contract and sue
for the consideration paid, &c.; or, he might wait until suit
was brought for the contract price agreed to be paid, and
set up his claim for the damages suffered by the fraud in
the way of a defense to the recovery of the whole or a part
of the price of the animal, as the proof would warrant.

The next objection to the complaint was, that it did not
state that the animal was of less value than the contract
price.

It is contended that an allegation that the animal, being
ten years old, was of much less value than if she had been
of the age represented, to-wit, eight years, is not sufficient;
that if she was really, even at that more advanced age, of
as much value as the contract price, no damage had result-
ed to the plaintiff.

The amount of damage that the plaintiff suffered was
a question for the jury, and we do not think that the com-
plaint was bad for the reason alleged, or that the plaintiff
would have been confined to so narrow a scope in making
his proof.  If the defendant agreed to sell the plaintiff a
certain article of property to be of a particular description,
to-wit, eight years old, for a fixed price, the plaintiff had a
right to expect it to be of that age; for it was one of those
facts, where reliance must, to some considerable extent, be
placed upon the representations of the owner; and if he
fraudulently deceived the purchaser, as averred, he must be
willing to respond in such damages as resulted.   The com-

plaint was sufficient in an action commenced before a justice.

*Per Curiam.*—The judgment is reversed with costs.

*A. W. Hubbard* and *L. Sexton* for the appellant (1).

*N. Trusler* and *J. A. Fay*, for the appellee.

(1) Counsel for the appellant cited *Denby* v. *Hart*, 4 Blackf. 13; *Smith* v. *The Trustees*, 5 *id.* 40; *Campbell* v. *Fleming*, 1 Ad. & El. 40; 2 R. S. p. 344, No. 12.