## Shryer et al. *v.* Louisville & Southern Indiana Traction Company.

[No. 5,573. Filed June 8, 1905.]

Appeal and Error.—*Joint Exception.—Several Assignment.*—No question is presented by a several assignment of errors on appeal where the exception taken below was joint.

From Jefferson Circuit Court; *Hiram Francisco,* Judge.

Action by Georgiana Shryer and another against the Louisville & Southern Indiana Traction Company for an injunction. From a decree for defendant, plaintiffs appeal. *Affirmed.*

*James W. Fortune* and *Perry E. Bear,* for appellants. *M. Z. Stannard* and *G. H. Voigt,* for appellee.

Roby, J.— Appellants' complaint was in three paragraphs, to each of which a demurrer was sustained. They then filed what amounted to an amended complaint in three paragraphs. Appellee thereupon filed a separate demurrer to each paragraph thereof. It filed three demurrers, a separate order-book entry of each being made. The record proceeds as follows: "Come the plaintiffs by * * * their attorneys, comes also the defednant by * * * its attorneys, and the court now sustains defendant's demurrers to each of the first, second and third paragraphs of additional complaint, to which ruling of the court the plaintiffs at the time except and still except. And now, the plaintiffs' electing to abide said demurrer and refusing to amend their complaint or plead further, the court renders judgment for the defendant. It is therefore considered and adjudged," etc.

The errors assigned challenge the action of the court in sustaining the demurrer to each paragraph of the complaint. The exception reserved is a joint exception. If the court had made a separate entry of its ruling upon the demurrer to the first paragraph of the amended complaint, and appellant had thereupon excepted to such ruling, and if the court had thereafter made and entered its ruling upon the demurrer to the second paragraph of the amended complaint, the appellant again reserving an exception, and if the court had then made and entered its ruling upon the demurrer to the third paragraph of amended complaint, appellants excepting thereto, it would clearly be the duty of this court to examine each paragraph of complaint under the separate assignments of error made.

The point has been so recently determined by the Supreme Court that nothing remains for this Court but to follow its decisions. *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 63 L. R. A. 460; *Noonan* v. *Bell* (1902), 159 Ind. 329.

Upon these authorities the judgment is affirmed.