## HONEY v. GUILLAUME.

[No. 21,435.   Filed June 29, 1909.]

1. PLEADING. — *Demurrers.* — *Separate.* — *Exceptions.*— *Appeal.*— Where the judge overruled separate demurrers by remonstrants to the four paragraphs of the applicant's "answer," and the entry thereof showed that the court overruled "each demurrer to the four paragraphs of the answer," the sufficiency of such answers is sufficiently presented on appeal, no other demurrers being filed or ruled upon.   p. 554.

2. PLEADING.— *Answer.*— *Intoxicating Liquors.*—*Remonstrances.*— *Objections.*—Where the application of a person for license to retail liquors was met by a remonstrance apparently signed by a majority of the voters of his ward, his verified "answers" that the person signing such names was not authorized to do so, that such attorney was not authorized to sign the names of certain named voters, that certain subscribers were not legal voters, and that the names of certain voters were duplicated, are sufficient on demurrer.   p. 555.

3. INTOXICATING LIQUORS. — *Remonstrances.* — *Objections.* — *Evidence.*—Unless an applicant for license to retail liquors, by his verified objections, points out the defects or insufficiencies of a remonstrance on file containing the names of the majority of the legal voters of his township or ward, he is not entitled to license.   p. 556.

4. PLEADING.—*Objections to Remonstrances.*—*Form of Verification.*—The verification of the applicant for a license to retail liquors to his objections to the remonstrances filed against his application, "upon information and belief," is sufficient.   p. 556.

5. INTOXICATING LIQUORS.—*Remonstrances.*—*Verified Objections.*— *Burden of Proof.*—Verified objections to a remonstrance against the granting of a license to retail liquors, that the attorney in fact signing such remonstrance had no authority so to do, that certain signers were not legal voters, and that certain names were duplicated, cast the burden of proving such matters upon the remonstrators.   p. 556.

6. INTOXICATING LIQUORS.—*Remonstrances.*—*Powers of Attorney.*— *Revocation.*—*Agency.*—The service of a written notice of revocation by a remonstrator upon his attorney duly authorized to sign a remonstrance against the granting of a license to retail liquors,

before such power is exercised, sufficiently revokes such authority.  pp. 557, 558.

7.  INTOXICATING LIQUORS.—*Remonstrances.*—*Legal Voters.*—*Who are.*—Where remonstrators against the granting of a license to retail liquors are not legal voters of the township or ward at the time of the filing of the remonstrance, they should not be counted. p. 558.

8.  APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence.  p. 558.

From Blackford Circuit Court; *Charles E. Sturgis,* Judge.

Application by Arthur Guillaume for license to retail intoxicating liquors, against which William H. Honey and others remonstrate.  From a judgment for the applicant, Honey appeals.  *Affirmed.*

*William H. Honey, in pro. per.*
*Aaron M. Waltz* and *A. G. Emshwiller,* for appellee.

HADLEY, J.—Appellee was, by the Board of Commissioners of the County of Blackford, on November 5, 1908, granted a license to sell intoxicating liquors at retail in the fourth ward of Hartford City.  On appeal, by remonstrators, to the circuit court, the license was confirmed, from which latter judgment this appeal is prosecuted.

On May 1, and on July 31, 1908, prior to appellee's application for license, remonstrances by the voters of said fourth ward had been filed with the auditor of the county against the granting of a license to any person or persons to sell intoxicating liquors at retail within the ward, each purporting to contain the names of a majority of the legal voters of the ward.  To each of these remonstrances appellee at the proper time filed a pleading, which he terms an answer, in four paragraphs, the paragraphs of like number, in the answers, being substantially the same.

In the paragraphs numbered one it was alleged that certain named persons, who executed the remonstrance as attorneys in fact for 130 persons whose names appeared on the first remonstrance, and for 151 persons whose names ap-

peared on the second, had no legal authority to execute, in either case, the remonstrances on behalf of said other persons.

In the paragraphs numbered two it was averred that said alleged attorneys in fact had no legal authority to execute either of said remonstrances for certain named persons set out. In the paragraphs numbered three it was alleged that sixteen persons named in the first remonstrance, and twenty-one in the second, were at the time of signing the same, under the age of twenty-one years, and not legal voters of said ward. In paragraphs numbered four it was alleged that certain names were duplicated. Each answer, at the close, was sworn to before a notary public, in the following terms: "Arthur Guillaume, being duly sworn upon his oath, says that upon information and belief, the matters and facts before set forth in each paragraph are true as he verily believes."

The separate demurrer of the remonstrants to each paragraph of both answers was overruled. With respect to the ruling of the court on the demurrers, and the exceptions thereto, the record is as follows: "The court overrules each demurrer to the four paragraphs of the answer of applicant to the remonstrance filed May 1, 1908, to which ruling of the court each remonstrator at the time separately excepts. Court overrules each demurrer to the four paragraphs of the answer of the applicant to the remonstrance filed July 31, 1908, to which ruling of the court each remonstrator at the time separately excepts." Appellee insists that no question is presented on the ruling of the court, upon the separate demurrers to the several paragraphs of the answers, because the exceptions reserved were improper in form and unavailing. There seems to us no ground for serious contention on this point. The record very clearly shows that a separate demurrer was filed to each paragraph of both answers. It further appears that the court reached and announced the same ruling as to all the paragraphs. The ruling could not have related to other demurrers, for no

other demurrers were filed; and, though the decision was expressed in terms somewhat vague and general, it must be applied to the demurrer to which it unmistakably related, and in the form in which the demurrer was presented. Likewise, the exceptions reserved by appellant at the time—the contrary not appearing—must be held to follow and apply to the particular rulings just made, and as sufficient to carry the questions presented by the demurrers to a court of review. It may be said, with respect to such matters, that, when the record clearly shows what was intended by the court and parties, a party cannot be deprived of his right of exception by the inapt use of words by the court in announcing a ruling, or the clerk in recording the same. *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 119 Am. St. 524; *Bessler* v. *Laughlin* (1907), 168 Ind. 38; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 14 L. R. A. (N. S.) 418.

It is just as clear that the answers were all sufficient for the purposes for which they were pleaded, and that the demurrer thereto were properly overruled. The act of 1907 (Acts 1907, p. 281, §8333 Burns 1908) provides:

2. "That whenever a remonstrance shall be filed against the granting of any liquor license, the filing of such remonstrance, with the names thereto attached shall be *prima facie* evidence that said names were regularly and properly and lawfully attached and signed to said remonstrance, and that the person or persons whose names are attached to said remonstrance are legal voters of the township or city ward as provided by law, and qualified by law to sign said remonstrance; and no further proof shall be required by the court as to the signing of said remonstrance, or the signing of any power of attorney by which said names were attached to said remonstrance, or the legal qualifications under the law of the persons whose names are thereto attached, unless the right of such person or persons to sign and the legal qualifications of each person whose name is thereto attached, and whose right

to so sign is questioned shall be denied by pleading under oath by the applicant for such licenses.''

The answers were all under oath, and challenged the legal authority of certain persons to act as attorneys in fact for persons whose names it is shown they attached to the remonstrance, and also the legal qualifications of certain other persons to sign the remonstrance, whose names appeared thereto. Without these or similar pleadings, under oath, appellee, as the petitioner for a license, would have been concluded by the number of names as they appeared on the remonstrances. These answers properly tendered questions of fact for decision that enable the court to purge the documents of the signatures of persons who were not entitled to be counted as remonstrants, if any such there were and are, within the purview of the statute.

There is no merit in appellant's contention that the answers are insufficient because not sworn to in direct and positive terms. The appellee made oath to his answers ''upon information and belief'' that the facts set forth therein are true. This was sufficient. *Bonsell* v. *Bonsell* (1872), 41 Ind. 476; *State* v. *Ellison* (1860), 14 Ind. 380; *Deering Harvester Co.* v. *Peugh* (1897), 17 Ind. App. 400.

Appellant insists that the motion for a new trial should have been granted, because the finding of the court is not sustained by sufficient evidence, and is contrary to law.

Appellee's verified answers were sufficient to place the burden upon appellant of proving: (1) That the attorneys in fact, who placed the names of others on the remonstrances, had the legal authority to do so; (2) that the persons challenged by said answers as not being legal voters of the ward were legal voters of the ward at the time the remonstrances were filed in the auditor's office; and (3) that no names were duplicated. *Miller* v. *Resler* (1909), *ante*, 320; §8333, *supra*.

It is agreed that 123 was a majority of all the legal voters

of the ward on both May 1, 1908, and July 31, 1908. Both of the alleged remonstrances having been filed prior to the filing of appellee's petition for a license, if either of the documents was sufficient and effective as a remonstrance, this appeal must be sustained. If neither was sufficient, it must fail. With reference to the paper filed as a remonstrance on May 1, there appeared on the document 131 names, all, except one, having been attached thereto by three named attorneys in fact. In the second paragraph of the answer it was alleged that ten of the names appearing (which are set forth) were attached thereto by said attorneys without authority. Appellant admits that John F. Hall should not be counted, thus leaving to the document 130 names. It is shown without contradiction that two others, Miller and Nipp, each caused a written notice of a revocation of his power of attorney to be served upon each of said attorneys in fact on Friday, May 1, in the forenoon, and that said remonstrance was not prepared, signed or filed with the county auditor until after 10 o'clock p. m. of that day.

The law of agency applies in remonstrance cases, where powers of attorney are employed, as in other ordinary cases of agency, and in cases of naked agency, when nothing

6. more than authority to attach the principal's name to a remonstrance is conferred, the authority may be revoked at any time before it is exercised, and the revocation become operative, so far as the agent is concerned, from the time the agent has actual notice thereof. *Miller* v. *Resler, supra; Lee* v. *Schull* (1909), *ante*, 309. It follows that the names of Miller and Nipp should not have been counted, which reduces the remainder to 128.

In the third paragraph of answer to the May remonstrance, it was charged that sixteen named persons, whose signatures purported to be attached to the instrument filed with the auditor, were not legal voters of the ward at the time of the filing. Appellant admits in his brief that four of the number should not be counted, thus further reducing the remainder to 124.

The evidence was of a character to justify the court in finding that eight or more of the persons challenged by the third answer were not legal voters of the ward, and the court's having reached that conclusion from the evidence before it, we cannot disturb the finding.

As to the remonstrance of July 31, there were attached thereto, when filed, what purported to be the signatures of 151 legal voters of said fourth ward, all, except eight, having been attached by certain named attorneys in fact. In the second paragraph of said verified answer it was alleged that the names of thirty-two designated persons, whose names appeared among the 151, had been placed on said document without authority, and in support thereof it was shown, without contradiction, that eighteen of the number had, before the alleged remonstrance was prepared or signed, caused to be served upon each of said attorneys in fact a written revocation of said power of attorney. And these should not be counted, as we have seen, thus reducing the number to 133.

In the third paragraph of answer, it was averred that twenty-one named persons, whose names appeared to the remonstrance, were not legal voters of the ward when said instrument was filed. The evidence, like that relating to the remonstrance of May 1, was of a character fully to justify the court in finding, as it did, that the paper was not signed by a majority of the legal voters of the ward.

We find no error. Judgment affirmed.