City of Huntington v. Bucher—46 Ind. App. 208.

---

## CITY OF HUNTINGTON v. BUCHER.

[No. 6,850.  Filed June 22, 1910.]

1. MUNICIPAL CORPORATIONS.—*Street Assessments.*—*Reappraise-
   ment.*—*Petition.*—A petition to the circuit or superior court for
   a reappraisement of the benefits received from a certain street
   improvement, under §8716 Burns 1908, Acts 1905 p. 219, §111,
   should allege that the petitioner appeared before the council at
   the time designated for the hearing of objections or remon-
   strances, and made objections thereto.  p. 210.

2. MUNICIPAL. CORPORATIONS.—*Street Assessments.*—*Appraisers.*—
   *Failure to Report.*—Where appraisers, appointed under §8716
   Burns 1908, Acts 1905 p. 219, §111, to assess the benefits re-
   ceived from certain street improvements, fail to agree, a new set
   of appraisers should be appointed.  p. 211.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Petition by Eliza Bucher, to which the City of Hunting-
ton objects.  From a judgment for petitioner, the city ap-
peals.  *Reversed.*

*Emmett O. King,* for appellant.

*R. A. Kaufman,* for appellee.

WATSON, P. J.—Appellee herein filed her verified petition
in the Huntington Circuit Court, asking for the appoint-

ment of three disinterested freeholders to reassess the benefits accruing to her property from the improvement of a system of streets by grading. Appellant filed a motion to dismiss the petition, which was overruled and exceptions taken. The first appraisers appointed by the court reported that they were unable to agree on the benefit to said lot. The court thereupon appointed three other appraisers, who reported that said lot was not benefited by said improvement. There was a judgment for appellee, and an appeal prayed by and granted to appellant.

The errors relied on for reversal are: (1) The petition of Eliza Bucher does not state facts sufficient to constitute a cause of action. (2) The court erred in overruling appellant's motion to dismiss the petition. (3) The court erred in sustaining appellee's motion for the appointment of a second set of appraisers. The first two errors assigned call in question the sufficiency of the petition and the action of the court in refusing to dismiss it, and they may properly be considered together.

Appellee brought this proceeding under section 111 of the act of 1905 (Acts 1905 p. 219, §8716 Burns 1908), which provides for making assessments against lots or parcels of land whenever any contract for the improvement of any street or alley has been completed, and for making an assessment roll, containing the names of the owners of property abutting on or adjacent to the improvement which is liable to assessment. It further provides that, after the assessment roll has been completed and filed, the board of public works shall cause to be published for one week, in a daily newspaper of general circulation in the city, a notice describing in a general character the improvement, etc. Such notice shall also state that the assessment roll, containing the names of the owners, description of the property subject to be assessed, and the amounts of the *prima facie* assessment, if any, is on file in the office of the board of pub-

lic works, and shall name the day on which the board will receive and hear remonstrances, if any, against the *prima facie* assessment, "and will determine the question as to whether such lots or tracts of land have been or will be benefited by said improvement in the amounts named on said roll, or in a greater or less sum than that named on said roll, or in any sum, at which place and time all owners of such real estate may attend, in person or by representative, and be heard.  *  *  *  After said hearing, said board shall either sustain or modify, in whole or in part, the *prima facie* assessment as indicated on said roll, either by confirming the *prima facie* assessment against any or all lots or tracts described in said roll, or by increasing or reducing the same, according to the special benefits which said board decides each such lot or tract of land has received or will receive on account of such improvement." §8716, *supra*.

Appellant insists that the complaint does not state facts sufficient to constitute a cause of action, in that it does not aver that appellee appeared before the council and objected to, or remonstrated against, the amount assessed upon her lot.  The statute (§8716, *supra*) says that the owner may appear in person or by representative, and be heard; and that after the hearing the board shall sustain or modify the *prima facie* assessment, by confirming it as to any or all of said lots, according to the benefits received.  In cases where the statute, like the one under consideration, has been construed with reference to appearing before the tribunals which have the power to alter or change the assessments, it has been held that such appearance is necessary before the party challenging the assessment roll will be entitled to have appraisers appointed on petition to the circuit or superior court. *Bradley* v. *City of Frankfort* (1885), 99 Ind. 417; *City of Valparaiso* v. *Parker* (1897), 148 Ind. 379; *Leeds* v. *Defrees* (1901), 157 Ind. 392; *Shank* v. *Smith* (1901), 157 Ind. 401, 55 L. R. A. 564; *City of Huntington* v. *Amiss* (1906), 167 Ind. 375.

In the case of *Bradley* v. *City of Frankfort, supra,* it is said: ''When persons are served with notice of the second meeting of the commissioners they are called upon to appear before them and protect their rights. If the notice does not serve this purpose, and carry with it the right and duty to thus appear, it serves no purpose at all, and might as well not be given. The commissioners thus assembled at the second meeting are there, in a sense, as the triers of the fact as to whether or not the lands of the persons named in the first report will be benefited or damaged by the proposed opening of the streets.''

In the case of *City of Huntington* v. *Amiss, supra,* the court said, quoting from *City of Valparaiso* v. *Parker* (1897), 148 Ind. 379: ''It is the general rule that such objections must be made at the earliest opportunity, so that the proceedings shall not be allowed to proceed to a fruitless result with accumulation of costs; and if not so made they will be deemed to be waived.''

In the case of *Hibben* v. *Smith* (1903), 191 U. S. 310, 24 Sup. Ct. 88, 48 L. Ed. 195, it is said, quoting from *Spring Valley Water-Works Co.* v. *Schottler* (1884), 110 U. S. 347, 28 L. Ed. 173, 4 Sup. Ct. 48: ''Like every other tribunal established by the legislature for such a purpose, their duties are judicial in their nature, and they are bound in morals and in law to exercise an honest judgment as to all matters submitted for their official determination. It is not to be presumed that they will act otherwise than according to this rule.''

It is also urged that the court erred in sustaining appellee's motion for the appointment of a second set of appraisers. It is shown that the appraisers first appointed

2. by the court did not report, except that they were unable to agree, and the court, upon said showing and on petition, appointed other appraisers, and this is assigned as error.

The statute provides that if the owner of a lot or parcel

of land so assessed is not satisfied with the assessment, he may file his petition in the circuit or superior court, asking for the appointment of three disinterested freeholders to reassess the benefits, if any, accruing to his property. Appellee did this, and the court appointed the appraisers. It certainly was no fault of appellee that said appraisers failed to report, and, under the statutes, she was entitled to an appraisement as provided therein. If these appraisers failed for any cause so to appraise the benefits, if any, it was the court's duty to appoint new appraisers, that the statute might be complied with, and in so doing the court committed no error.

The petition is insufficient, and the first two assignments of error are sustained.

The judgment is reversed, with leave to appellee to amend her petition in accordance with this opinion, and for further proceedings not inconsistent herewith.