## BRIER v. MANKEY.

[No. 6,893. Filed January 25, 1911.]

1. APPEAL.—*Joint or Several Exceptions.*—*Demurrers.*—An exception to a ruling on a demurrer to several paragraphs of a complaint reciting that "the court being duly advised in the premises, does now sustain the demurrers to each of the first, second and third paragraphs of plaintiff's complaint, to which ruling of the court plaintiff, by counsel, excepts," must be regarded as several. *Shryer* v. *Louisville, etc., Traction Co.*, 35 Ind. App. 641, overruled. p. 9.

2. APPEAL.—*Briefs.*—*Reversal.*—Where appellee omits from his brief certain alleged erroneous rulings presented by appellant, the Appellate Court may reverse without prejudice. p. 9.

3. CONTRACTS.—*Fraud.*—*Retention of Property.*—*Measure of Damages.*—Where the vendee is defrauded by the vendor but the vendee retains the property received, the measure of damages is the difference between the actual value and the value as represented; but such rule of law is applicable only as a guide to the jury in the trial. p. 12.

4. CONTRACTS.—*Misrepresentations.—Complaint.*—A complaint alleging that defendant represented and warranted that certain mules were eight years old, when in fact they were, respectively, eleven and twelve years old, that such misrepresentation was made with intent to deceive and that the plaintiff, who was ignorant of their ages, was induced by reason of such misrepresentation to pay $295 therefor, when they were really worth only $195, states a cause of action. p. 12.

5. PLEADING.—*Complaint.—Sufficiency.*—A statement of facts constituting a cause of action, sufficient to enable a person of common understanding to know what is intended, is sufficient. p. 13.

6. PRINCIPAL AND AGENT.—*Special.—Acts outside of Actual Authority.*—The acts of a special agent outside of his actual authority, in the absence of circumstances giving him implied power, are not binding upon his principal. p. 13.

7. PRINCIPAL AND AGENT.—*Sales.—Warranty of Quality.—Implied Powers.*—An agent employed merely to sell and deliver mules has no implied authority to bind his principal by a warranty of quality, and to charge the principal with such warranty, authority in fact to make it must be shown. p. 13.

8. CONTRACTS.—*Fraud.—Damages.—Action.*—The defrauded party may retain the goods received and maintain an action for damages suffered by reason of the fraud. p. 14.

9. SALES.—*Principal and Agent.—Implied Authority.—Fraud.*—Where a vendor advertised a sale of two mules "eight years old," and employed his son to make the sale, the son's representation, at the time of the sale, that the mules were eight years old, instead of eleven and twelve, their true ages, and his deception in concealing, by unknown means, the blindness of one eye of one of the mules, and certain other defects, are chargeable to such vendor. p. 14.

From Warren Circuit Court; *James T. Saunderson,* Judge.

Action by Solon Brier against John Mankey. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Charles R. Milford,* for appellant.
*McCabe & McCabe,* for appellee.

MYERS, C. J.—Appellant brought this action against appellee to recover alleged damages sustained on account of the purchase of two mules at a public sale held by the appellee. The complaint was in three paragraphs, to each of

which a demurrer for want of facts was sustained, and judgment was rendered in favor of appellee, and against appellant for costs.

The ruling of the court in sustaining a demurrer to each of said paragraphs is assigned as error.

Appellee first insists that appellant's exception to the ruling on demurrers was joint, and therefore if either paragraph of the complaint was insufficient the judgment

1.   must be affirmed, citing *Shryer* v. *Louisville, etc., Traction Co.* (1905), 35 Ind. App. 641. But since the ruling in that case, which was expressly made to rest upon the ruling theretofore made by the Supreme Court in two cases, which cases have since been disapproved in the cases of *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 119 Am. St. 524, and *Honey* v. *Guillaume* (1909), 172 Ind. 552, the case of *Shryer* v. *Louisville, etc., Traction Co., supra,* is no longer a precedent, and on that point it is now overruled. The record shows that "the court being duly advised in the premises, does now sustain the demurrers to each of the first, second and third paragraphs of plaintiff's complaint, to which ruling of the court plaintiff, by counsel, excepts." The exception saved by appellant in this case must be regarded as an exception taken to the ruling of the court in sustaining a demurrer to each of the paragraphs. *Bessler* v. *Laughlin* (1907), 168 Ind. 38; *City of Decatur* v. *McKean* (1906), 167 Ind. 249; *Honey* v. *Guillaume, supra; Quick* v. *Templin* (1908), 42 Ind. App. 151; *United States Cement Co.* v. *Koch* (1908), 42 Ind. App. 251; *Johnson County Sav. Bank* v. *Kramer* (1908), 42 Ind. App. 548. Appellee has presented us with a brief in support of the

ruling of the court as to the first paragraph of the

2.   complaint, but has made no reference to the ruling
of the court as to the other paragraphs. For this omission on the part of appellee, we would be authorized to reverse the judgment "without prejudice to either party." *Miller* v. *Julian* (1904), 163 Ind. 582; *People's*

*Nat. Bank* v. *State, ex rel.* (1902), 159 Ind. 353. Assuming that appellee acted in good faith in briefing the case upon the theory of a joint exception—and to reverse a judgment for the failure of appellee to file a brief is a matter within the discretion of the court (*Cobe* v. *Malloy* [1909], 44 Ind. App. 8; and *Wysong* v. *Sells* [1909], 44 Ind. App. 238)— and as the record is but fourteen pages in length, we have concluded to consider all of the paragraphs upon their merits.

In the first paragraph of the complaint, in substance it appears that appellee in January, 1905, was the owner of certain personal property, including two mules, located in Warren county, Indiana, which he advertised for sale at public auction on a certain day, and said sale was had on that day; that prior to said sale he gave notice thereof in the newspapers published in said county, and by posters, wherein it was stated that said mules were eight years of age, when, in fact, they were respectively of the age of eleven and twelve years; that at the direction of appellee said sale was in charge of his son, who had full charge thereof, and full power to manage and control it as he deemed best, and to make such terms and conditions with the purchasers as he deemed best regarding the animals and property so sold; that appellant attended said sale, and appellee by his said agent, the latter having full authority so to do, warranted and represented to appellant that each of said mules was only eight years of age; that appellant was ignorant of the true age of said mules, and had no opportunity then and there to examine them and determine for himself the fact as to their age, but believing and relying upon said statements he was thereby induced to and did bid for and purchase said mules at and for the price of $295; that said agent's statement regarding the age of said mules was not true, and he knew it was not true, and he made it for the purpose of deceiving appellant as to their true age; "that at that time said mules were not worth $295, but because

of the difference in age alone they were not worth to exceed
$195 at the time they were purchased as aforesaid by plain-
tiff of defendant; "that appellant by reason of the premises
was damaged in the sum of $100, for which he demands
judgment. In the second paragraph the same facts appear
as in the first, with the additional statement that the twelve-
year-old mule was blind in one eye and lame in one fore
foot, and that the eleven-year-old mule was stringhalted in
one hind leg; "that at said sale defendant, by said agent,
who was then and there acting in the line and scope of his
agency, caused said mules to be handled, driven, led,
walked and made to run in such a manner as to cause the
true condition of the animals to be concealed, and defen-
dant, by said agent, also caused certain tricks, deceptions
and artifices to be used, the nature of which plaintiff does
not know and is therefore unable to describe, but which
are known to said agent," and which were thus employed
for the purpose of deceiving the bidders for said mules at
said sale, including this appellant; that appellant was de-
ceived thereby as to the true condition of said animals, and
caused to believe them to be sound and in good condition
and free from lameness, blindness and the defect of string-
halt; that appellant did not know of any of said defects
prior to his purchase of said mules, nor was he aware of
any of the tricks or deceptions employed by appellee
through his said agent; "that said mules, by reason of the
defects as before described and because their age was
greater than as represented and warranted, were then and
there worth less than said price as paid for them by plain-
tiff in the sum of $140, wherefore plaintiff has been
damaged," etc.

The third paragraph sets up practically the same facts
as are exhibited in the first and second paragraphs, but with
more care in its preparation. In addition it is alleged
"that said defects in said animals, of blindness, lameness
and the disease of stringhalt, were not patent and could

not be discovered except by close, careful and thorough inspection and trial of said animals, by persons skilled in buying horses and mules and having a thorough knowledge of the manner and method of detecting defects and diseases in them.'' Appellant denies any knowledge of such defects, and alleges that he was deceived by the tricks or deception used by appellee, through his said agent, by the manner in which said animals were handled, and that he was thereby induced to bid for them. He further alleges ''that said mules, by reason of their defects, as before described, and because of said misrepresentation as to their ages, were then and there worth only $150; that by reason of the premises plaintiff has been damaged.''

The objections urged by appellee to the first paragraph apply with equal force to each of the other paragraphs of the complaint. He first contends that the complaint proceeds upon an erroneous theory as to the measure of damages. On this question he asserts that in a case like the one before us the proper measure of damages, where the purchaser retains the property, is the difference between the actual value of the property at the time of the sale and its value had the property been as represented. This statement of the law is correct. *Nysewander* v. *Lowman* (1890), 124 Ind. 584. But as we see this case, the proposition announced by appellee is more properly applicable to the proof, as a guide for the jury in fixing the amount of damage. *Gray* v. *Rich* (1858), 10 Ind. 430; *Doran* v. *Eaton* (1889), 40 Minn. 35. While it does not necessarily follow from the fact that the animals were worth only $195, that they would have been worth more had they been as represented, yet this fact, in connection with the facts that appellant was induced to bid and pay therefor $295 by reason of a certain misrepresentation and that he was thereby damaged in a sum stated, warrants us in holding each paragraph in this particular sufficient to require an answer.

It is also insisted that the facts show that said sale was in the hands of a special agent for the purpose of selling the property, and, this being true, such agent was without authority to warrant the quality of the animals on behalf of his principal.

It is provided by statute that a statement of the facts constituting a cause of action, in plain and concise language, and in such manner as to enable a person of common understanding to know what is intended, must be regarded as sufficient. §343 Burns 1908, cl. 2, §338 R. S. 1881.

The law applicable to that class of persons known as special agents is no longer in doubt, and if we regard the alleged agent in this case as belonging to that class, then his rightful acts and authority in the premises to bind his principal would be circumscribed by the authority conferred upon him by his principal, and all other acts would be mere nullities so far as his principal is concerned. In such cases the general rule requires a party dealing with such agent, in the absence of circumstances giving him implied power, to ascertain the extent of his authority, and if he does not, he must abide the consequences. Story, Agency (9th ed.) §126; 1 Clark & Skyles, Agency §242.

The authors in 1 Clark & Skyles, Agency p. 570, make the general observation following: "Any verbal statements and representations of an agent having authority to sell, and made at the time of selling personalty, and constituting an incident in, or inducement to the trade, which amount to a warranty of any quality in the thing sold, will bind the principal." But in a case like the one before us, we think the better rule is that "where the agent is employed by a private person only as a special agent to sell and deliver the horse, he is not authorized to bind his employer by a warranty of quality, and to do so, authority in fact must be shown." See, also 1 Clark &

Skyles, Agency p. 571; *Court* v. *Snyder* (1891), 2 Ind. App. 440, 50 Am. St. 247.

Appellant in this case proceeded upon the theory of fraud and deceit practiced upon him by appellee, and by one with authority from appellee so to do, to his damage. In such cases the law authorizes such defrauded party to retain that which he received, and to maintain an action for the damages suffered by reason of the fraud practiced by the seller. *Love* v. *Oldham* (1864), 22 Ind. 51. Appellee was the owner of the mules in question. Appellant alleges, in effect, that appellee, by his agent, authorized so to do, misrepresented the mules to him for the purpose of inducing him to bid for and purchase them at a price largely in excess of their true value. The alleged agent had authority to sell. It is alleged that the misrepresentation was made and the deceitful practices were committed while the agent was actually selling the animals. It must be conceded that appellee, as owner of the animals, had the right to warrant their quality, and to bind himself by such warranty. Therefore if appellee had this right, as owner, we see no good reason why he might not do the same thing by an agent, for it is quite elementary that "whenever a person has a power as owner, or in his own right, to do a thing, he may do it by an agent." Story, Agency (9th ed.) §6.

We next inquire what authority, if any, did appellee, either expressly or impliedly, confer upon his agent? This question is to be answered from the pleaded facts measured by the rules of pleading. Looking to each of the paragraphs, we find that the ages of the animals were misrepresented, not only by appellee in the way of public advertisements, but it is alleged "that the defendant by his agent" also made the same representation to this appellant. In the case of *Gray* v. *Rich, supra,* it was said: "If the defendant agreed to sell the plaintiff a certain article of prop-

erty to be of a particular description, to wit, eight years old, for a fixed price, the plaintiff had a right to expect it to be of that age; for it was one of those facts, where reliance must, to some considerable extent, be placed upon the representations of the owner; and if he fraudulently deceived the purchaser, as averred, he must be willing to respond in such damages as resulted.''

In addition to the allegation that appellee, by his agent, did the things charged as fraudulent and deceitful, it appears that said agent represented appellee in the business generally connected with the public sale of the property in question, including the exhibiting of the animals to prospective purchasers, and that appellant had no opportunity to examine them for himself until after the sale. From these facts and others appearing in each of the several pleadings, we think it sufficiently appears that the agent, at the time of the doing of the things and acts charged, was engaged in carrying out his principal's business, pursuant to his real or apparent agency.

In this case it seems to us that the facts, although awkwardly pleaded, show that said agent was merely carrying out and communicating to the purchasers the will and scheme of appellee; and, if this be true, it does not follow that the agent was acting upon his own initiative, but with authority from appellee to do the acts and make the declaration charged in the complaint. For in all the principal allegations charging misconduct the form used is, ''that defendant by his agent,'' did, etc. If the agent was in fact acting under instructions from appellee, then it cannot be said that appellee was no more than silent and entitled to protection. If he be more than silent, either by acts, words or studied efforts to prevent others from learning the facts then known to him, which would lessen the value of the property he would sell, then the transaction would be tainted with fraud, and the purchaser entitled to his remedy. The demurrers should have been overruled.

Judgment reversed, and cause remanded with instructions to overrule the demurrer to each paragraph of the complaint, and for other proceedings not inconsistent with this opinion.