## SIMON v. CITY OF WABASH ET AL.

[No. 8,466.  Filed February 19, 1915.]

1. APPEAL.—*Failure to File Briefs.—Effect.*—While appellee's failure to file a brief in support of the judgment below is sometimes justification for a reversal on the theory of confessed error, a reversal on that ground should not be ordered except where appellant's brief shows that reversible error was in fact committed. p. 130.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Appeal from Assessments.—Complaint.—Sufficiency.*—Under §8716 Burns 1914, Acts 1899 p. 412, relating to assessments for municipal improvements and providing for appeal from any such assessment, a complaint alleging all the facts required to be shown thereunder, is not insufficient for failure to allege that the complainant appeared at the time and place fixed by the statute and objected to or remonstrated against the amount of his assessment, since such allegation is not required by the statute. (*City of Huntington* v. *Bucher* [1910], 46 Ind. App. 208 distinguished.) p. 131.

3. MUNICIPAL CORPORATIONS.—*Appeal from Improvement Assessments.—Right of Appeal.*—The right of appeal being purely statutory, the legislature has power to provide the manner and method of appeal from an assessment made by a city on account of public improvements. p. 131.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by Aaron Simon against the city of Wabash and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Alvah Taylor*, for appellant.

HOTTEL, C. J.—Appellant is the owner of a certain triangular lot on Manchester Avenue in the city of Wabash, a city of the fifth class, against which certain benefits were assessed on account of the improvement of such street. The improvement of the street was made under the provisions of an act of the legislature entitled "An act concerning municipal corporations," approved March 6, 1905 (Acts 1905 p. 219, §8710 *et seq.* Burns 1908), as amended by an act approved March 8, 1909 (Acts 1909 p. 412).

Section 111 of said act as amended, being §8716 Burns 1914, provides, among other things, that the board of public works (common council), in making assessments against each lot or parcel of land, shall, as soon as any contract for the improvement of any street or alley has been completed, cause to be made an assessment roll which shall give the names of the property holders and a description of the property abutting on and adjacent to the improvement which is liable to assessment under other sections of the act, which shall also give the total assessment against each piece of property; that the charge or assessment against each piece of property, so made and indicated on said roll "shall be *prima facie* the special benefit to such lot, parcel or tract of land, by reason of the improvement for which said assessment was made, and shall be the final and conclusive assessment against said lots, parcels or tracts, unless the same is changed, or an assessment made, in the manner hereinafter provided, to wit". This section further provides for notice of a time and place thereafter when said board or common council will hear remonstrances against the amounts assessed as shown in said assessment roll, and determine the question as to whether such lots or tracts of land have been, or will be benefited by the improvement in the amounts named on said roll, or in a greater or less sum, at which place and time all owners of such real property may attend and be heard. After such hearing the board is required either to sustain or modify, in whole or in part, the *prima facie* assessments as indicated on said roll, either by confirming the same against any or all lots or tracts of land described in said roll, or by increasing or reducing the same according to the special benefits which said board or common council decides each lot or tract of land has received, or will receive on account of such improvement. If any property within the benefit district is omitted primarily from said roll, or a *prima facie* assessment has not been made against it, said board may place on said roll the special

benefit to such omitted lot or tract of land which it has or will sustain by such improvement, if any. It is further provided that the decision of the board or council, as the case may be as to all such benefits, shall be final and conclusive, provided, "that any owner of any lot or parcel of land so assessed as aforesaid shall have the right to take an appeal to the circuit or superior court of the county in which said city or town is located, by filing his verified petition with such court of said county and giving bond conditioned to pay the cost of such appeal, should the appeal be determined against him. No transcript shall be necessary and it shall be sufficient to state in the petition the nature of the proceedings and special reference to the description of said property and the amount of assessment made against it. Said cause shall be summarily tried by the court without the intervention of a jury as other civil cases."

The assessment against appellant's lot as indicated on the assessment roll made by the common council of said city, and as afterwards finally determined and confirmed by such council, was $273.29. From this decision of the common council appellant attempted to appeal and filed his verified petition accompanied by proper bond. The petition sets out all the various steps taken by such council preliminary to and including the final hearing and completion of the assessment roll, and the final confirmation of the council thereof showing "the total amount of special benefits opposite each name and description of each piece of property, all as provided by §8716, *supra*. The petition further avers that in making such assessments the common council did not "adjudge and charge such an amount against each property in the ratio of the special benefits conferred upon each lot so held liable to assessment for said improvement but charged an arbitrary and flat rate in the sum of $3.416139 for each lineal foot along each separate property

abutting on and adjoining the several respective lots so assessed and charged''; that the assessment on appellant's lot was calculated on the lineal foot, to wit, eighty feet at the above rate, and is excessive and above the special benefits thereto in the sum of $180; that the area of such lot is only 3,763 feet; that other lots on such improved street with 40-foot frontage and area of 5,520 square feet are assessed at only $133.64; that the manner and method of such assessment were for such reasons inequitable and unjust.

To this petition each of the appellees filed a separate demurrer for want of facts. The demurrer of the appellee construction company contained other grounds which we need not set out. The objection to the complaint as pointed out in the memorandum filed with the demurrer of the city of Wabash is to the effect that the petition does not aver or show that the appellant appeared before the common council of such city ''and objected to or remonstrated against the amount assessed by the assessment roll upon his lot''. As a reason for the ground of its demurrer for want of facts a similar objection to the complaint is set out as part of the separate demurrer of the construction company.

Each of these demurrers was sustained by the court, and appellant having elected to stand on his complaint, judgment was rendered against him thereon and for costs. The ruling on each of said demurrers is assigned as error in this court and relied on for reversal.

Neither of the appellees has favored this court with a brief, and their failure to do so would under some of the authorities, warrant a reversal of the judgment below
1. on the theory of confessed error. *Miller* v. *Julian* (1904), 163 Ind. 582, 583, 584, 72 N. E. 588, and cases cited; *Wysong* v. *Sells* (1909), 44 Ind. App. 238, 240, 88 N. E. 954, and cases cited; *Brier* v. *Mankey* (1911), 47 Ind. App. 7, 9, 93 N. E. 672. We think, however, that the court's discretionary power in such cases should not be exercised against the judgment of the trial court except in

those cases where the appellant's brief shows that reversible error was in fact committed by such court.

Appellant insists that in taking his appeal from the assessment made by the common council he did all that §8716, *supra,* required, in that he sets out in such petition the nature of the proceedings, the description of the property and the amount of the assessment; that whether the petitioner did or did not appear before the common council of ·the city of Wabash and object to or remonstrate against the amount of the assessment against his lot is not a fact required to be specified in a property owner's petition for an appeal to the circuit court.

The right of appeal is statutory (*City of Indianapolis* v. *Hawkins* [1913], 180 Ind. 382, 103 N. E. 10; *Collins* v. *Laybold* [1914], 182 Ind. 126, 104 N. E. 971; *Curless* v. *Watson* [1913], 180 Ind. 86, 102 N. E. 497), and hence the legislature may provide the method and manner of appeal. It has done so in the section of the statute under consideration. The petition referred to in the proviso of such statute evidently was intended to serve the purpose of a transcript, but it was also within the power of the legislature to provide what this provision should contain. This it did, and this proviso does not require that the petition shall show·that the petitioner appeared before the common council, unless it can be said that a "statement of the nature of the proceedings" requires such averment, and this we do not believe.

Appellant, by the averments of his petition affirmatively shows that his name, a description of his lot and the assessment against such lot, appeared on the assessment roll as originally made up and that such assessment was not changed on the final hearing ·and confirmation of such roll. It therefore appears from such petition that such roll as originally made was final and conclusive against appellant under the first part of the section of statute, *supra,* unless he did in fact appear before the council and object to or

remonstrate against such assessment. His petition showing such facts, good pleading would require that it should go further and show that he did appear before such council and objected to or remonstrated against such assessment, and but for the fact that the statute expressly provides what the petition shall contain we would hold the petition insufficient as against the demurrers. This proviso of the statute takes from the case of *City of Huntington* v. *Bucher* (1910), 46 Ind. App. 208, 92 N. E. 124, the controlling influence which it might otherwise have on the question under consideration. Under this statute, as amended, since the decision of that case, it would seem that the averments there held necessary in the complaint, if now necessary to be pleaded at all (which we need not and do not decide) should be set up by way of answer. As against the objection urged to it we believe the complaint was sufficient and hence that the demurrers thereto should have been overruled. Judgment reversed with instructions to the trial court to overrule said demurrers and for any further proceedings consistent with this opinion.

NOTE.—Reported in 107 N. E. 738. As to purposes for which a municipal corporation may levy assessments and taxes, see 16 Am. St. 365. See, also, under (1) 2 Cyc. 1024; 2 Cyc. 1913 Anno. 1024-new; (2) 28 Cyc. 1183; (3) 2 Cyc. 507.