LIVINGSTON ET AL. *v.* LIVINGSTON.

[No. 23,921. Filed March 9, 1921.]

1. TRIAL.—*Conclusions of Law.—Exception.—Effect.*—An exception to a conclusion of law admits, for the purpose of the exception, that the facts were correctly and fully found in the special findings. p. 224.

2. JUDGMENT.—*Power of Court During Term.*—The power of a court over its judgments, during the entire term at which they are rendered, is unlimited. p. 229.

3. COURTS.—*Proceedings In Fieri.—Motion for New Trial.—Power of Court.*—The proceedings in a cause remain *in fieri* until the end of the term at which the motion for a new trial, though filed after judgment, is ruled upon, and in the meantime the court may alter, amend or set aside its former ruling, orders and judgment without notice to the parties. p. 229.

4. INJUNCTION.—*Right to Relief.—Adequate Remedy at Law.*—Equity will not lend its aid by injunction against a judgment at law, or any other relief by injunction, where the party invoking such aid has a plain and· adequate remedy at law. p. 230.

5. INJUNCTIONS.—*Right to Relief.—Adequate Remedy at Law.*—When a remedy by appeal is afforded, error or irregularities which can be corrected by pursuing that remedy cannot be made the basis for an injunction. p. 230.

6. JUDGMENT.—*Enjoining Enforcement.—Right to Relief.—Adequate Remedy at Law.—New Trial and Appeal.*—Where judgment was rendered in open court and was regular upon its face, and plaintiff, with knowledge thereof twenty-four days before the expiration of the time allowed for filing a motion for new trial under §587 Burns 1914, Acts 1913 p. 848, failed to file such a motion under §585 Burns 1914, §559 R.·S. 1881, he was not entitled to an injunction to enjoin enforcement of the judgment, since he had an adequate remedy at law of which he did not avail himself, having had the right to move for a new trial, and if unsuccessful, to appeal. p. 230.

From Owen Circuit Court; *John F. Reyester*, Special Judge.

Action by John J. Livingston against Barbara Livingston and another. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Willis Hickam, Hubert Hickam* and *Willis Hickam, Jr.*, for appellants.

*Inman H. Fowler*, for appellee.

WILLOUGHBY, C. J.—This is a suit for injunction to restrain appellant Robertson, as sheriff of Owen county, Indiana, from levying an execution upon the property of appellee John J. Livingston, to collect an alleged judgment for $250 alimony in favor of appellant, Barbara Livingston.

The case was tried upon the amended first paragraph of complaint and an answer of general denial. Upon due request the trial court made a special finding of facts and stated conclusions of law thereon, which were in favor of appellee. Appellants' motion for a new trial was overruled, and judgment was duly rendered perpetually enjoining the collection of the judgment aforesaid. Appellants jointly and severally reserved exceptions to the conclusions of law and the action of the court in overruling the motion for a new trial.

It is assigned as error that the court erred in overruling the demurrer of appellant, Barbara Livingston, to the first paragraph of the complaint, error in each conclusion of law, and in overruling the motion for a new trial.

In this case the exceptions to the conclusions of law present the controlling question. An exception to a conclusion of law admits, for the purpose of the exception, that the facts were correctly and

fully found in the special findings.    *Kline* v. *Dowling* (1911), 176 Ind. 521, 96 N. E. 579.

The finding of facts is in substance as follows:    On October 6, 1914, the plaintiff, appellee in this appeal, filed his complaint for divorce against appellant Barbara Livingston.    The latter filed an answer of general denial to the complaint, and also a cross-complaint for divorce and alimony.    The cross-complaint was answered by a general denial.    Such cause (No. 7474) was tried by the Owen Circuit Court on February 20, 1915, and taken under advisement.    At that time Willis Hickam, attorney for Barbara Livingston, announced to the court that the plaintiff was not entitled to a divorce, and that his client did not desire a divorce and he had only filed a cross-complaint to enable him to bring out all the facts.    On March 9, 1915, the twentieth judicial day of said February term of court, the judge in open court announced his decision that he found against the plaintiff on his complaint and against the cross-complainant on her cross-complaint; that neither party was entitled to a divorce, and adjudged the costs against the parties as made by them respectively. Thereafter the clerk of the Owen Circuit Court, following the aforesaid minutes of the court, entered upon the order-book of said court in said cause, under date of March 9, 1915, on a page designated as the proceedings of the twentieth day of the February term of said court, the following:    "The court finds against the plaintiff on his complaint, and it finds against the cross-complainant on her cross-complaint, and that neither of said parties is entitled to a divorce.    That the plaintiff pay the costs made by him in this cause, and said cross-complainant pay the costs made by her in this cause."    That the foregoing entry was not read in open court nor signed by the judge; that the parties to the suit were

not present in court either in person or by attorney when the minutes aforesaid were made, nor when the order-book entry was made; that Mr. Livingston knew that such entry had been made before the close of the February term, 1915, of said court, but the same was not actually known to the attorney for Mrs. Livingston until the last day of said term. On March 20, 1915, the last day of said February term, 1915, at about 3 p.m. when said court was in session, Mr. Hickam, attorney for the cross-complainant, called the court's attention to said divorce suit, and asked to withdraw his statement that his client did not desire a divorce, and said he had concluded it would be better if a divorce was granted. Thereupon the court stated that it was not too late yet, that the parties would not live together and it would probably be better to grant the divorce, and announced that he granted the defendant a divorce on her cross-complaint and $250 alimony. The court then erased from the docket the minutes previously made as aforesaid and in lieu thereof made minutes denying the plaintiff a divorce on his complaint, granting the defendant a divorce on her cross-complaint and alimony in the sum of $250. The judge and attorney Hickam then went to the clerk's office, where, under the direction of the judge of said court, the deputy clerk erased the former entry from the order-book, and under the same caption and as of the date on which the original entry was made, to wit, March 9, 1915, the twentieth day of the February term, 1915, of said court, made the following entry: "Come now again the parties by their attorneys as aforesaid, and the court having had the cause under advisement finds for the defendant on the cross-complaint herein sued on and that the plaintiff is not entitled to a decree of divorce as alleged in his complaint and that the plaintiff, John J. Livingston, pay all costs taxed in this cause on account of his com-

plaint herein. And the court also finds for the defendant on her cross-complaint herein, that said defendant, Barbara E. Livingston, is entitled to a decree of divorce as alleged in her cross-complaint and that said defendant pay all costs taxed in this cause on account of her cross-complaint herein, also that she recover $250 alimony. It is therefore ordered and adjudged by the court that the plaintiff take nothing by this action on his complaint and that he pay all costs taxed on account of the prosecution of his cause. It is further ordered and adjudged by the court that the defendant be and she is granted a divorce from the plaintiff and that she recover of the plaintiff the sum of two hundred fifty ($250) dollars as alimony and all her costs laid out and expended in the prosecution of her cross-complaint." That the order-book entry was signed by the judge of said court on the last day of said term; that no motion of any kind was made and filed in said cause to vacate, modify, or change the minutes or order-book entry originally made as aforesaid; that when the changes aforesaid were made neither Mr. Livingston, his attorney, nor any one representing him, was present, nor had they any knowledge thereof until five or six days after the close of said February term of court, when Mr. Livingston learned from the clerk of the court that said change had been made and judgment rendered against him. John L. Duncan was the sole attorney for plaintiff, and at the time said entry was changed was in the State of Florida, and the judge of said Owen Circuit Court, before whom said cause was pending, knew of that fact at the time said entry was so changed as aforesaid, and also knew said plaintiff was not present, and "no one to represent him in said cause, and that neither said plaintiff nor his attorney knew that said change was going to be made." No motion for a new trial of said cause was filed, and on April 26, 1915, cross-

complainant caused an execution to be issued to collect said judgment for alimony and caused the same to be placed in the hands of the aforesaid sheriff, who thereupon threatened to levy upon the property of plaintiff by virtue thereof to satisfy said judgment for alimony. That while said sheriff was so threatening to levy upon the property of said John J. Livingston, he filed his complaint in this suit, and on May 5, 1915, obtained a temporary restraining order, restraining the aforesaid sheriff from serving said execution or taking any steps for the collection of said judgment until the further order of the court. In changing said minutes, and ordering said deputy clerk to erase said original entry in the order book, and in ordering him to make the entry aforesaid on the last day of the February term of said court, as aforesaid, the judge acted in good faith and believed he was acting in accordance with the law.

Upon the foregoing finding of facts the court stated its conclusions of law as follows: "(1) That the judgment in said cause, No. 7474, in said Owen Circuit Court as it now appears of record is void and should be set aside and held for naught. (2) That the plaintiff is entitled to have the collection of said judgment for alimony perpetually enjoined. (3) That there should be judgment declaring that the entry made in said cause, No. 7474, which was first made before any change was made, as set out in finding No. 4 is in fact the true record made in said cause on March 9, 1915, the 20th day of the February term, 1915, of said Owen Circuit Court. "John F. Regester, Special Judge."

Appellants assert that the court erred in its conclusions of law, because it affirmatively appears that appellee knew of the change of the judgment within less than thirty days after the changes were made on the last day of the term; that his remedy was by motion for a new trial, which remedy he did not pursue, and, hav-

ing such remedy at law, he cannot invoke the equitable remedy of injunction; that the changes in the record amount, at most, only to irregularities which may be assigned as causes for a new trial, but do not render the judgment subject to the attack made upon it in this proceeding; that the findings show that there was no fraud and are insufficient to authorize an injunction; that the judgment, the enforcement of which was enjoined by the trial court, was rendered by the judge, during the term at which the case was tried, while he had jurisdiction of the parties and of the subject-matter, and while he had control of the record; that the changes were made in open court; that the original announcement and entries denying a divorce to each of the parties do not amount to the rendition of a judgment; that the whole matter remained *in fieri* until the last day of the term, when the judgment was duly rendered and signed by the trial court; that no notice of such changes was required during the term, and appellee is bound by the judgment so rendered. In this contention we think appellants are right.

The power to vacate judgments was conceded by the common law to all its courts. This power was exercised in a great variety of circumstances, and

2. subject to various restraints. The practice in the different states is, in many respects, so conflicting that few rules can be laid down as universally applicable. One rule is, however, undoubted. It is that the power of a court over its judgments, during the entire term at which they are rendered, is unlimited. 1 Freeman, Judgments (4th ed.) §90.

The proceedings in a cause remain *in fieri* until the end of the term at which the motion for a new trial, though filed after judgment, is ruled upon, and

3. in the meantime the court may alter, amend, or set aside its former ruling, orders and judgment,

without notice to the parties. *McClellan* v. *Binkley* (1881), 78 Ind. 503; *Burnside* v. *Ennis* (1873), 43 Ind. 411. See, also, *Vesey* v. *Day* (1911), 175 Ind. 406, 411, 94 N. E. 481; *Ray* v. *Moore, Admr.* (1898), 19 Ind. App. 690, 49 N. E. 1083; 1 Freeman, Judgments (4th ed.) §69.

A court of equity will not lend its aid by injunction against a judgment at law, or any other relief by injunction, where the party invoking such aid has

4. a plain and adequate remedy at law. *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 47 N. E. 11, 50 N. E. 476; *Ross* v. *Banta* (1895), 140 Ind. 120, 34 N. E. 865, 39 N. E. 732, and cases there cited. *Schilling* v. *Quinn* (1912), 178 Ind. 443, 99 N. E. 740.

Did the appellee have a plain and adequate remedy at law?

When a remedy by appeal is afforded, errors or irregularities which can be corrected by pursuing that remedy cannot be made the basis for an injunc-

5. tion. *Marshall* v. *Gill* (1881), 77 Ind. 402; *Sims* v. *City of Frankfort* (1881), 79 Ind. 446.

The appellee had thirty days from the time of the rendition of the judgment in which to file a motion for a new trial. §587 Burns 1914, Acts 1913 p. 848.

From the finding of facts we learn that the judgment was rendered on March 20, 1915, being the last day of the February term of the court; that five or six

6. days after the close of said February term of court the appellee learned of the entry of the judgment which he seeks to enjoin. It thus appears that after he learned of the entry of the judgment he had twenty-four days in which to file his motion for a new trial. Section 585 Burns 1914, §559 R. S. 1881, provides that a new trial may be granted in the follow-

ing cases. "First: Irregularity in the proceedings of the court, jury, or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial. Second: Misconduct of the jury or prevailing party. . Third: Accident or surprise which ordinary prudence could not have guarded against." *   *   *

The appellee had an adequate remedy at law. He could have filed his motion for a new trial and, if unsuccessful, could have prosecuted an appeal. *Baragree* v. *Cronkhite* (1870), 33 Ind. 192; *Schwab* v. *City of Madison* (1874), 49 Ind. 329; *Hart* v. *O'Rourke* (1898), 151 Ind. 205, 51 N. E. 330; *Board, etc.* v. *Dickinson* (1900), 153 Ind. 682, 53 N. E. 929; *Earl* v. *Matheney* (1877), 60 Ind. 202; *Tackett* v. *Stevenson* (1900), 155 Ind. 407, 58 N. E. 534; *Board, etc.* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828. The rendition of the judgment sought to be enjoined was a judicial act of the court, rendered in open court, at the term of the trial, and it is a judgment in every respect regular upon its face, and if there was any irregularity in the proceedings of the court or counsel, or any misconduct of either, or if the judgment was erroneous, the statute providing for an appeal furnished appellee a plain, full and adequate remedy. He could have alleged every ground for relief to which he was entitled as a ground for a new trial, and if his motion for a new trial had been overruled he could have reserved an exception and brought the matter before this court on appeal. The judgment was not void.

It follows that the court erred in each of its conclusions of law. The conclusions of law in favor of appellee were not warranted by the facts found, and conclusions of law should have been stated in favor of appellants.

The judgment is reversed, with directions to the court below to restate conclusions of law in favor of appellants and to render judgment accordingly.