## B. S. PEARSALL BUTTER COMPANY *v.* GIBBON ET AL.

[No. 11,297.   Filed June 1, 1922.]

1. APPEAL.—*Presenting Questions for Review.—Proceedings in Equity.—Motion for New Trial.—Statutes.*—Section 698 Burns 1914, Acts 1903 p. 338, concerning civil procedure, providing that in all cases not triable by jury the Supreme and Appellate Courts shall, if required by the assignment of errors, carefully consider and weigh the evidence, in no way changes the provision of the Code in reference to a motion for a new trial, and, where no motion for new trial was filed, causes for a new trial assigned as error cannot be reviewed on appeal although the action is one in equity.   p. 309.

2. APPEAL.—*Presenting Questions for Review.—Failure to File Motion for New Trial.—Assigning Grounds as Error.*—In an action to set aside a deed as fraudulent, no question is presented for review on appeal by an assignment of errors that the decision of the trial court is not sustained by sufficient evidence, and is contrary to law, notwithstanding that the action is equitable in character, where no motion for new trial was filed by appellant.   p. 309.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the B. S. Pearsall Butter Company against William J. Gibbon and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Arthur L. Paulson* and *Orie Parker,* for appellant.
*Lynn J. Oare,* for appellees.

REMY, J.—Suit by appellant against appellees to set aside a deed as fraudulent. A trial by the court resulted in a finding and judgment for appellees. Appellant filed no motion for a new trial, but in this court has assigned as errors that the decision of the trial court is not sustained by sufficient evidence, and is contrary to law.

The alleged errors not having been assigned as reasons for a new trial, it is suggested by appellees that

no question is here presented. Appellant con-
1, 2. cedes the general rule to be that causes for new
trial cannot be reviewed on appeal unless pre-
sented by a motion for new trial, and the ruling on the
motion assigned as error, but contends that the rule is
not applicable where, as in the case at bar, the proceed-
ing is of equitable character. It is pointed out that §8
of the act of 1903 (Acts 1903 p. 338, §698 Burns 1914)
"concerning civil procedure" provides that: "In all
cases * * * not triable by a jury, the supreme and
appellate courts shall, if required by the assignment of
errors, carefully consider and weigh the evidence," etc.
The contention of appellants is without merit. The
statute referred to in no way changes the provision of
the Code in reference to a motion for a new trial, and
it is not the contention of appellant that it could not have
presented such a motion. Without a motion for a new
trial, the trial court would have no opportunity to re-
view its own action. As was said by the Supreme Court
in *State* v. *Swarts* (1857), 9 Ind. 221, "It is due the
lower Court that its errors, if any, should be pointed
out there, so that it may retrace its steps while the rec-
ord is yet under its control."

We hold that appellants' assignment of errors pre-
sents no question for consideration by this court.

Affirmed.