## HESSONG ET AL. v. WOLF.

[No. 12,263. Filed March 9, 1926. Rehearing denied April 1, 1926. Transfer denied February 1, 1927.]

1. APPEAL.—*Single exception to order overruling separate motions construed as several.*—An exception by several defendants, though in the form of a joint exception, will be construed as separate and several exceptions, where the ruling excepted to was made in reference to two separate motions by such defendants (calling attention to fact that former holdings to the contrary had been overruled). p. 582.

2. APPEAL.—*Affidavits in support of motions become a part thereof when properly referred to as part thereof.*—Affidavits in support of motions which are referred to in said motions as having been filed with and made a part thereof become a part of such motions and should be included in a transcript of such motions. p. 583.

3. APPEAL.—A *praecipe* calling for a complete transcript of the "exceptions" would necessarily include motions to which exceptions were taken. p. 583.

4. JUDGMENT.—*Application to set aside default must be made by complaint and summons.*—Since the amendment of §135 of the Code (§405 Burns 1914) in 1921, an application to set aside a default judgment must be made by complaint and summons as in original actions though made at the same term at which the default was taken (§423 Burns 1926). p. 583.

From Marion Circuit Court (37,448); *Harry O. Chamberlin,* Judge.

Application by Davilla F. Hessong and others to set aside a default judgment in favor of Henry J. Wolf. From a judgment denying the application, the plaintiffs appeal. *Affirmed.* By the court in banc.

*B. F. Watson,* for appellants.

*Charles T. Hanna* and *Thomas A. Daily,* for appellee.

REMY, J.—In a proceeding instituted by appellee, judgment by default was rendered against appellants. Thereafter, during the same term of court, appellants

Hessong, Swarm and Martin filed their joint motion to set aside the default on the ground of excusable neglect. Appellants Zainey and Zainey joined in a motion of like character. Each of the motions set up substantially the same facts, and each was supported by affidavit. The motions were overruled; the order-book entry of the court's action being as follows: "Come the parties, and the court, being duly advised, now overrules the separate motion of defendants Hessong, Swarm, and Martin, and also Zainey and Zainey, to set aside judgment and default heretofore entered in this cause, to which ruling of the court said defendants at the time except."

The defendants, appellants here, refused to plead further, and judgment was rendered against them, from which this appeal is prosecuted. The action of the court is, by appellants, "jointly and severally" assigned as error.

Appellee calls attention to the fact that there were two motions, one by appellants Hessong, Swarm and Martin, the other by appellants Zainey and

1. Zainey, and that, when the court overruled these motions, the exception was a joint exception by all of the appellants, and makes the contention that, since the exception was a joint exception by all of the appellants, no question is presented, citing numerous cases, all of which have been either directly or indirectly overruled. See *Whitesell* v. *Strickler* (1906), 167 Ind. 602, 78 N. E. 845, 119 Am. St. 524; *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 80 N. E. 529, 14 L. R. A. (N. S.) 418; *Southern R. Co.* v. *Elliott* (1907), 170 Ind. 273, 82 N. E. 1051; *Baxter* v. *Baxter* (1910), 46 Ind. App. 514, 92 N. E. 881, 1039; *Brier* v. *Mankey* (1911), 47 Ind. App. 7, 93 N. E. 672; *Boyles* v. *Hoch* (1917), 186 Ind. 93, 115 N. E. 52; *Honey* v. *Guillaume* (1909), 172 Ind. 552, 88 N. E. 937.

It is next contended by appellee that the motions and supporting affidavits are not embraced in appellants' written praecipe to the clerk, and are therefore not in the record. The *praecipe*, omitting title and signature, is as follows: "The clerk will make out complete transcript of the pleadings, entries, and exceptions for use on appeal."

2, 3.

The supporting affidavits are referred to in the motions as having been filed with and made a part thereof. It follows that, if the motions are in the record, the affidavits are likewise in the record. It is argued that the motions are not pleadings, and therefore are not included by the *praecipe*. It must be borne in mind that a motion to set aside a default is not like an ordinary motion which may be either in writing or by parol; it is a motion, or more accurately a petition, making application to the court for affirmative relief, and is in the nature of a complaint. To hold that the word "pleadings" as used in the *praecipe* under consideration does not include the motions which formed appellants' application for relief from the judgment taken by default is highly technical to say the least; but to hold, as we do, that the *praecipe* calls for the motions, it is not necessary to decide that the motions are pleadings. The *praecipe* calls for "a complete transcript" of "the exceptions," and such a transcript would necessarily include the motions which had been overruled.

In overruling the motions to set aside the judgment, the trial court called attention to the provision of the statute (§135, Code of Civ. Proc., Acts 1921 p. 277, ch. 115), that relief in such cases is to be granted "on complaint and notice issued as in original actions, within two years from and after the date of the judgment," and in a written opinion held that, because of this statutory provision, the motions were each insufficient because not filed as an original

4.

complaint with notice. It is earnestly contended by appellants that since the motions were filed at the same term of court at which the default was taken, the provision of the statute that the application for relief must be by complaint with notice as in an original action, has no application; that the provision applies only to a proceeding of this character when the same is commenced after the close of the term at which the default was taken. The contention of appellants cannot prevail. The trial court's construction of the statute as amended is correct, and is in accord with the interpretation of the same statute by the Supreme Court in a recent opinion. *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195.

We find no reversible error.

Affirmed.