HEFTON *v.* STATE OF INDIANA. ,

[No. 26,274.   Filed June 21, 1934.]

*Tilden T. Gabbel* and *Thomas S. Pointer,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *William E. Bussell,* Deputy Attorney-General, for the State.

HUGHES, J.—This is an action by the State of Indiana against the appellant upon an affidavit attempting to charge assault and battery with intent to rape. The appellant entered a plea of not guilty and was tried by

a jury, found guilty, and sentenced to the Indiana Reformatory for a period of one to ten years.

The record in this case presents a very peculiar state of facts. After the verdict of guilty was returned by the jury, on February 5, 1932, and being at the January term of the Floyd Circuit Court, the defendant filed a motion to be discharged from custody and bail for the reason, as stated by the appellant, "that the affidavit although attempting to charge the defendant with assault and battery with intent to commit rape, really charged the defendant with no crime unless it were the misdemeanor of assault and battery, and in that case the jury failed to fix any punishment for the defendant, and the court thereon failed to have the jury correct the verdict in compliance with the law, and the verdict taken in connection with the affidavit is too uncertain and ambiguous to sustain a judgment." The state joined the defendant in said motion and the court sustained the same and found, "that the affidavit herein wholly fails to charge the defendant with attempted rape, or assault and battery with intent to commit a felony or with any felony." And the court, after sustaining the motion, ordered that the defendant be discharged from custody and released from bail. This action by the court was on February 11, 1932, and at the same term of court. On February 13, 1932, at the same term of court, the State of Indiana, by William B. James, prosecuting attorney, filed a motion to have the court vacate the order made on February 11, 1932, for the reason, "that the court gave the motion (motion to discharge from custody and bail filed by the defendant) the status of a motion in arrest of judgment and that it did not constitute a motion in arrest of judgment." The court sustained the motion of the state to vacate the order of February 11, 1932, and then and there sentenced the defendant for a period of one to ten years. The de-

fendant then filed a motion to modify the judgment which was overruled. The defendant then filed a motion for a new trial and the court sustained the same and fixed bond in the sum of $3,000.00.

On April 21, 1932, at the March term of said court the state filed a motion to correct the record of affidavit and to set aside the order granting a new trial and on May 12, 1932, being the May term of said court, the defendant filed a plea in abatement and the state filed a demurrer thereto.

The next step taken, as shown by the record, was on October 24, 1932, and being the October term of said court, when the court sustained the demurrer to the plea in abatement and also sustained the motion to set aside the granting of a new trial. The court then again sentenced the defendant to the Indiana Reformatory for a period of one to ten years. The defendant filed his motion for a new trial which was overruled and the appellant is here on appeal.

The legal trouble in the instant case revolves around the fact that the original affidavit and the record of the same did not correspond. It appears that in the recording of the same the word "intent" which was necessary to a valid charge of assault and battery with intent to rape was omitted.

The brief filed by the appellant is very deficient and in most respects does not comply with the rules of this court and many of the questions attempted to be presented by the appellant are not presented at all. We feel, however, that under the assignment of errors, the appellant has assigned two reasons which this court should consider notwithstanding the feeble manner in which they are presented. The same being the 4th and 5th reasons which are as follows: "4th. The court erred in sustaining the appellee's motion to correct the record; 5th. The court erred in permitting the appellee to cor-

rect the record of a cause which was tried and determined and a judgment rendered in a former term of court."

The record of this cause, as shown above, shows that the motion of appellant for a new trial was granted on February 13, 1932, the same being at the January term of said court; that on April 21, 1932, the same being at the March term of said court, the State of Indiana filed its motion to correct the record of the affidavit and to set aside the order granting a new trial and that on October 24, 1932, the same being at the October term of said court, the court sustained the motion of the State of Indiana to set aside its motion granting a new trial and sentenced appellant to the Indiana Reformatory for a period of one to ten years.

The question presented is—did the court have the power at the October term of the Floyd Circuit Court, 1932, to set aside the granting of a motion for a new trial which was made on the 13th day of February, 1932, being the January Term of said court.

Section 2324, Burns 1926, §9-1902, Burns 1933, §2309, Baldwin's 1934, provides: "The granting of a new trial places the parties in the same position as if no trial had been had; the former verdict can not be used or referred to, either in the evidence or the argument."

The appellant assigned as reasons for a new trial that (a) the verdict was contrary to law, and (b) that the court erred in giving certain instructions. No exception was taken by the appellee to the ruling of the court in granting the motion for a new trial.

As has been said by this court in the case of *Ex Parte Bradley* (1874), 48 Ind. 548, 556, §2324, *supra,* is broad and comprehensive wherein it declares that, "The granting of a new trial places the parties in the same position as if no trial had been had." "This was intended as a protection to the accused. The jury were to be kept in ignorance of the fact that a former

jury had found the accused guilty of any crime. By this provision, the legal presumption of his innocence could not be overcome or weakened by the knowledge that there had been a verdict against him."

In the instant case the court had pronounced judgment on the verdict of guilty and sentenced the appellant to the Indiana Reformatory for a period of one to ten years. When the motion for a new trial was sustained this judgment for all purposes was set aside and the appellant and appellee were placed in the same position as if no trial had been had. In other words, the State of Indiana and the defendant, at the moment the new trial was granted, were in the identical situation as before the trial started.

It has long been recognized that courts have full and complete control of the record of their proceedings during the entire term at which such proceeding was had; and that during such term, the court may, for good cause, correct, modify, or vacate any of its judgments. *McClellan* v. *Binkley* (1881), 78 Ind. 503; *Burside* v. *Ennis* (1873), 43 Ind. 411; *Stout* v. *Duncan* (1882), 87 Ind. 383; *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122; *Wabash* v. *Gary* (1921), 191 Ind. 394, 132 N. E. 737; *Vesey* v. *Day* (1911), 175 Ind. 406, 411, 94 N. E. 481; Freeman, Judgments. Section 90.

In the case of *Vesey* v. *Day, supra,* it is said: "It is settled in this State that courts have full and complete control of the record of their proceedings during the entire term at which such proceedings are had, and that no notice of a motion to set aside a judgment is necessary, if it is made during the term of court at which said judgment was rendered." In the case of *Doss* v. *Tyack* (1852), 55 U. S. (14 How.) 297, the court below had entered a decree dismissing a bill, but subsequently at the same term, on cause shown, it vacated and set aside the decree. The court said: "The court, in vacating the

decree, were correcting an error both of fact and law, and, during the *term* at which it was rendered, they had full power to amend, correct or vacate it, for either of these reasons."

The same rule recognized in civil cases is applicable in criminal, except they can not be construed to mean that any important step can be taken at the trial in a criminal cause in the absence of the defendant, unless when otherwise expressly provided by law. *Knight* v. *The State* (1880), 70 Ind. 375.

A different rule applies, however, after judgment has been rendered and the term of court has closed. As was said in the case of *Holcomb* v. *Norman* (1909), 43 Ind. App. 506, 508, 87 N. E. 1057, ". . . after judgment has been rendered in a cause, and the term of the court has closed, the power of the court ceases, and it can not resurrect the cause disposed of for the purpose of performing any further judicial function therein." 15 R. C. L. p. 690; 20 R. C. L. 313.

In a note to the case of *Luke* v. *Coleman* (1911), 38 Utah 383, 113 Pac. 1023, Ann. Cas. 1913b, there is a large collection of cases from many jurisdictions which hold that at the term at which a motion for a new trial is granted the court may vacate the judgment; he can not do so at a subsequent term.

The reason of the rule is obvious. There must be some point where the litigation in the lower court terminates and the right to appeal to the higher court begins.

In the instant case we are of the opinion that the lower court was without power at the October Term, 1932, of the Floyd Circuit Court to set aside the granting of the motion for a new trial at the February Term, 1932, of said court.

Judgment reversed and new trial granted.