WALSH *v.* H. P. WASSON & COMPANY, INC.

[No. 27,020. Filed March 24, 1938.]

*Edward C. Eikman,* and *James E. Deery,* for appellant.

*Eugene C. Miller,* and *George E. Palmer,* for appellee.

ROLL, C. J.—Appellee obtained a judgment against appellant in the Superior Court of Marion County, room 5, on September 20, 1935, on an open account. This judgment was rendered on default. On October 28, 1935, the present action was instituted by the appellant to set aside said default judgment, on the ground of mistake, inadvertance, surprise or excusable neglect under Sec. 2-1068 Burns Ind. St. 1933, §173 Baldwin's 1934, to which complaint the defendant filed an answer in general denial. The issue thus joined was tried by the court and oral testimony was introduced both by appellant and by appellee. The court found in favor of the appellee herein and denied the prayer of appellant's petition and refused to set aside the judgment and default.

Appellant filed a motion for a new trial which was overruled which is the only error assigned on this appeal. The first reason assigned in the motion for a new

trial is the verdict or decision is not sustained by sufficient evidence.

Appellant's complaint to set aside the judgment was based upon the ground that she never received any notice of the filing of the said suit and that she had a meritorious defense to the action. The evidence shows that summons was issued to appellant on the 27th day of June, 1935, and served upon appellant by leaving a true copy thereof at her last and usual place of residence.

Appellee's credit manager testified at the hearing to a conversation had with appellant after the suit had been instituted and before judgment was taken, in which conversation the credit manager of appellee stated to appellant that suit had been brought upon the account and inquired of her if she had employed an attorney and appellant stated that she had not. The credit manager of appellee inquired of appellant if she had received the summons in this case and appellant stated that she had and further stated that she could not stand the embarrassment of the suit and stated in substance that if the suit were pressed she would not be present. The evidence further shows that the credit manager of appellee company had several conversations with the appellant about the account which she owed appellee. Appellant at no time questioned the correctness of the account. The application to set aside the default and judgment and the answer in general denial addressed thereto presents an issue of fact for the decision of the trial court.

In deciding that issue the court found that the allegations in plaintiff's complaint were untrue. The finding of the court in this case reads as follows:

"Comes the parties and by counsel, and the court having heretofore taken cause under advisement, now finds for the defendant, that the allegations of

plaintiff's complaint to be untrue, and that the defendant recover from the plaintiff its cost herein."

Then follows judgment in favor of the defendant for the cost.

While we have not attempted to state all the evidence introduced, the reading of the record clearly shows that the decision of the court is sustained by an abundance of evidence. The same question presented in this appeal was presented in the case of *Costello* v. *Wallace* (1915), 184 Ind. 734, 110 N. E. 660. A similar question was again presented in the case of *Hoag* v. *Jeffers* (1928), 201 Ind. 249, 253, 254, 159 N. E. 753. In that case the court said:

"It is the function of the trial court to decide the question whether or not the default judgment in the particular case must be set aside, which action requires it to determine the sufficiency of the evidence which bears upon the question of the mistake, inadvertance, surprise or excusable neglect of the plaintiff. . . .

"A judgment by default, regular upon its face, is presumed to be clothed with the presumption that it was properly entered, when the record does not show anything inconsistent with such presumption. . . .

"If there be any evidence to support the finding upon the issue of fact to set aside the default and the judgment by default, upon appeal, the finding will be sustained."

It is not the duty nor the privilege of this court to weigh the evidence in such cases as the one now under consideration any more than it will weigh the evidence in any other appeal case. *Nash* v. *Cars* (1883), 92 Ind. 216. There is no evidence that could in any way be construed that the appellee was guilty of any fraud in obtaining of said defaulted judgment. We hold that the decision of the court was sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.