## GILMER v. HURST

[No. 17,491.   Filed November 21, 1946.]

*Hall Cochrane*, of Indianapolis, for appellant.

*Leo X. Smith*, of Indianapolis, for appellee.

FLANAGAN, P. J.—On January 27, 1942, default judgment was entered against appellant by the Marion Juvenile Court. On January 14, 1946, appellant filed in the original action his motion to set aside the judgment because of mistake, inadvertence, surprise and excusable neglect under § 2-1068, Burns' 1933 (Supp.), § 173, Baldwin's 1934 Supp., and the Soldiers' and Sailors' Civil Relief Act of 1940.

Appellee responded with the following motion:

> "The plaintiff, appearing specially to question the jurisdiction of this court, moves to strike from the records the pleading filed by William H. Gilmer and designated 'Motion to set aside default judgment' for the reason that no notice of any kind has been issued or served on plaintiff Lucille Hurst."

Appellee's motion was sustained, appellant's motion was stricken from the files and this appeal followed.

Appellant insists that by asking the court for affirmative action appellee in fact appeared generally. With this contention we agree. If appellee desired to challenge jurisdiction of her person for failure of service of process or a defect in such service her remedy was a motion to quash or plea in abatement, whichever the facts warranted. But instead of chal-

lenging the process she attacks appellant's pleading itself. Failure of process is not grounds for striking such a pleading from the files and when appellee sought to have it stricken she thereby waived the failure of process.

But appellee says that appellant's motion should have been stricken anyway because the statute [§ 2-1068, Burns' 1933 (Supp.), § 173, Baldwin's 1934 Supp.] requires such an application to be by complaint and as an original action. However, this court has held that where an application to set aside a judgment is required to be by independent action, it will be so treated notwithstanding it is entitled as part of the original action and designated as a motion. *Vail* v. *Dept. of Financial Institutions* (1938), 106 Ind. App. 39, 17 N. E. (2d) 854.

Appellee asserts that appellant has failed in some respects to comply with the rules of this court in the preparation of his brief and the appeal should therefore be dismissed. However, we have been unable to discover any serious departure and have therefore considered this appeal on its merits.

Judgment reversed.

NOTE.—Reported in 69 N. E. (2d) 608.