STATE EX REL. LAWSON *v.* STODOLA.

[No. 28,498.   Filed  December  22,  1949.]

*Fred Barnett,* of Hammond, attorney for appellant.

STARR, C. J.—This is an original action wherein the relator seeks to prohibit the respondent as Judge of the Lake Superior Court from proceeding further in a certain cause filed in Room 5 of the said Court, other than to strike out the motion for a new trial filed therein. The relator also seeks a mandate to compel respondent to expunge the order showing the filing of the motion and the subsequent order ruling on same.

Relator's petition alleges that on September 3, 1948, he obtained, by default, a money judgment in Room 5 of said Lake Superior Court against one Glenn Crooks; that on September 29, 1948, said Crooks filed his motion for a new trial of said cause which motion was sustained on November 15, 1948, and a new trial was granted.

Although the order of the court granted a "new" trial and did not in so many words set aside the default and vacate the judgment, we cannot assume the court intended an idle thing. It would seem that his action was suggested by the motion for a new trial. It was a subsequent proceeding in the same action, which is inconsistent with the judgment continuing in force. 34 C. J., Judgments, § 546. Its effect was to set aside the default and vacate the judgment.

This being a judgment by default, it is relator's contention that the motion for a new trial was not proper as there had never been a trial. With this contention we must agree. *Hoag* v. *Jeffers* (1929), 201 Ind. 249, 159 N. E. 753; *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351; *Meyers* v. *State* (1900), 156 Ind. 388, 59 N. E. 1052; *The Ervin School Township* v. *Tapp* (1889), 121 Ind. 463, 23 N. E. 505.

Had this motion been overruled, no question could have been presented on appeal by this ruling.

It must be remembered however, that this order was made at the same term at which the default judgment was rendered. Due to this fact, the respondent had the right and power to vacate this judgment on his own motion. The power of the court over its own civil judgments during the entire term at which they are rendered, is unlimited. *Livingston* v. *Livingston* (1920), 190 Ind. 223, 130 N. E. 122; *Wabash R. Co.* v. *City of Gary* (1921), 191 Ind. 394, 132 N. E. 737. It follows, therefore, notwithstanding the motion for a new trial was of no effect, what the court did it had jurisdiction to do and cannot be disturbed by this court.

The petition of relator is hereby denied.

NOTE.—Reported in 82 N. E. 2d 896.