STATE EX REL. MEDLEY ET AL. *v.* MARKEY, JUDGE

[No. 28,663.   Filed May 15, 1950.]

*Richard L. Lowther,* of Indianapolis, and *Curtis W. Roll,* of Kokomo, for relators.

*Kroger & Gardis,* of Indianapolis, for respondent.

JASPER, C. J.—This is an original action filed by the relators for a writ of mandate against the respondent to expunge the records of the court of the entry setting aside after term and *ex parte* a default judgment. An alternative writ issued. The default judgment was obtained on December 27, 1949, and, on oral motion, was set aside on February 10, 1950, without notice to relators or their attorney. On February 17, 1950, the relators filed a motion with the respondent to expunge from the records of the court the order setting aside the default, which motion was overruled on March 31, 1950.

Respondent made his response in four paragraphs. Paragraphs one and two question the adequacy of relators' petition. On careful examination, we find that the relators have complied with Rule 2-35 of the Rules of Procedure and Practice of this Court.

The relators contend that after the term of court had ended at which judgment was rendered, the court had no further authority over the judgment, and that the setting aside of it was null and void.

The Legislature has set the terms of municipal courts. The act of 1925 (Acts 1925, ch. 194, § 9, p. 457, § 4-2509, Burns' 1946 Replacement) provides as follows:

> "There shall be stated terms of the municipal court corresponding with each calendar month for the entire year beginning on the first Monday of each month and continuing until the first Monday of the succeeding month. . . ."

The act further provides:

> "Any judgment, order or decree of said court in a civil case, final in its nature, shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which the same was rendered in such circuit court. . . ."

This section, therefore, gives the court unlimited jurisdiction over its judgments during the term at which they are rendered. *Tri-City Electric Service Co.* v. *Jarvis* (1934), 206 Ind. 5, 22, 185 N. E. 136; *State ex rel. Lawson* v. *Stodola* (1948), 226 Ind. 631, 82 N. E. 2d 896.

The default judgment was set aside after the term of court ended, and, with the ending of the term, the court's power over this judgment ceased. *Hefton* v.

*State* (1934), 206 Ind. 663, 668, 190 N. E. 847; *Scheiring* v. *Baker* (1931), 202 Ind. 678, 682, 177 N. E. 866.

The respondent further contends that the act of setting aside the default judgment was a ministerial act and not a judicial act. This we cannot agree with, as it is purely a judicial act, and a mandate to expunge a void entry is proper. *State ex rel. Freeman* v. *Sup. Ct. Marion Co.* (1940), 216 Ind. 372, 24 N. E. 2d 928.

The respondent further asserts that the setting aside of this default judgment was discretionary, and was not a duty enjoined by law, and that therefore this court should deny the mandate. It is the duty of this court to issue writs of prohibition to restrain and confine lower courts to their respective, lawful jurisdiction. See § 3-2201, Burns' 1946 Replacement. The setting aside of this default judgment was no longer discretionary with the court, and it was a duty enjoined by law not to interfere with the judgment after term.

Proper procedure for the setting aside of a default judgment is provided for by § 2-1068, Burns' 1946 Replacement, as follows:

". . . The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, on complaint filed and notice issued, as in original actions within two (2) years from and after the date of the judgment, except where judgment on default has been rendered in a suit to quiet title to real estate in which case the complaint for relief from judgment on default shall be filed within one (1) year from and after the date of judgment quieting title, and if the complaint is not filed within the period of time herein prescribed, then the action shall forever be barred: Provided, That the provisions of this act pertaining to relief from judgment taken on default in a suit to quiet

title to real estate shall apply to any judgment taken on default which is of record at the time of the passing of this act, and which judgment was obtained in a suit to quiet title to real estate, and shall apply to any and all persons whether service of process be by summons or by publication."

The respondent further contends that if the writ of mandate is made permanent this court will be telling the trial court how to decide the question. This is not true, since, as above stated, we are only confining the court to its proper jurisdiction, and mandating the expunging of a null and void order.

The respondent further contends that there was fraud committed upon the court. However, there was no direct attack made upon this default judgment. This can be done only by the filing of a civil action. *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, 73 N. E. 2d 769. Neither was a direct attack made nor was suit filed herein as provided by § 2-1066, Burns' 1946 Replacement.

The respondent was without his jurisdiction in setting aside the default judgment, and the order setting aside the judgment was null and void.

It is the judgment of this court that the alternative writ heretofore issued is made absolute; and the respondent is ordered to expunge from the record all orders and entries setting aside the default judgment.

NOTE.—Reported in 92 N. E. 2d 320.