## FLAHARTY *v.* STALCUP.

[No. 18,210. Filed November 30, 1951.]

*Orval D. Hunter,* of Bloomfield, for appellant.

*John O. Moomaw,* of Bloomfield, for appellee.

ROYSE, J.—It appears from the record herein that on the 14th day of June, 1940 appellant obtained a judgment against appellee for rent in the sum of $165.00. On the 28th day of August, 1946 appellee became the owner of certain real estate by reason of the death of one Pearl Stalcup. In January, 1948 an amended com-

plaint was filed in an action commenced in September, 1947 to partition the aforementioned real estate in which appellee owned an interest. That complaint made appellant a party defendant and averred said appellant appeared to hold the aforementioned judgment against appellee. To the complaint for partition appellant filed an answer setting up her judgment against appellee and asking that said judgment be found a senior lien against the undivided interest of appellee in said real estate. On the 17th day of May, 1948 all of the defendants in said action, except appellant, were defaulted. The trial court entered judgment decreeing partition of said real estate and that it was not susceptible to division and ordering it sold. The court found in favor of appellant on her answer and ordered that the lien of her judgment be transferred and attach to the distributive share of appellee. On the 11th day of October, 1948, being the 31st judicial day of the September term of said court, the court approved the sale of said real estate by the Commissioner and directed the Commissioner to pay into the hands of the clerk of the court the amount due appellant out of the share of appellee. The final report of the Commissioner showing such payment to the clerk was approved.

On the 28th day of December, 1948, the 22nd judicial day of the November term of said court, appellee filed his verified motion to set aside the default and order taken against him in favor of appellant on the 11th day of October, 1948, for the reason said order was taken against him through his mistake, inadvertence and excusable neglect, in that this "Defendant had no actual knowledge of the pendency of this action, that this action is for partition and *this issues* raised by defendant's, Lelia Cavins Flaharty are collateral to the

main issues of this action, that this Defendant had no actual knowledge and no notice of the claim of Lelia Cavins Flaharty, that this Defendant did not know and could not anticipate that issues raised by the answer of Lelia Cavins Flaharty could be raised in this action. That by reason of this Defendant having heretofore received monies from the estate of Pearl Stalcup, who for years prior to her death occupied the property being partitioned herein and who was believed to be the owner thereof, he thought that his interest, being looked after by persons in charge of settling the estate of the said Pearl Stalcup and believed that this action was a part of the settlement of her estate and that, being an heir, it was not necessary for him to appear and hire an attorney to protect his interests herein." It then avers he had two meritorious defenses of which defenses appellant had knowledge—(1) the judgment was discharged in bankruptcy in August, 1940 and said judgment was filed against him in said bankruptcy proceedings; (2) that appellee is a resident householder of this state and by virtue of § 2-3501, Burns' 1946 Replacement he is exempt from said judgment. The court on its own motion set aside that part of its order of October 11, 1948 in favor of appellant. The record affirmatively shows no summons or notice of the foregoing motion was served on appellant. The record discloses that on February 20, 1950, being the 1st judicial day of the February term, the record in that case, on the order of the court, was stricken from the files.

On the 5th day of September, 1950, appellee filed his motion to redocket that cause and order his distributive share released to him. The court ordered notice to appellant. Appellant filed an answer in bar in which she set up the pertinent portions of the proceedings in this

matter and asserted the cause was stricken and that more than two years and several terms of court had elapsed since the judgment was rendered. In January, 1951, the court found for appellee and ordered the clerk to pay him his distributive share from the sale of said real estate.

From that judgment appellant appeals to this court. We will proceed to a consideration of the questions raised in the order they are presented by the briefs of the parties.

Appellant first contends the trial court erred in setting aside its order and judgment rendered during the September term of said court on October 11, 1948. In support of this she says the trial court heard no evidence and no notice was given her of the motion to set aside said judgment filed in the November term of said court. She contends the court was therefore without authority to set aside the judgment. Appellee's motion to set aside the original judgment was brought under the provisions of § 2-1068, Burns' 1946 Replacement, the pertinent provisions of which are as follows:

> "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, *on complaint filed and notice issued, as in original actions* within two (2) years from and after the date of the judgment, except where judgment on default has been rendered in a suit to quiet title to real estate in which case the complaint for relief from judgment on default shall be filed within one (1) year from and after the date of judgment quieting title, and if the complaint is not filed within the period of time herein prescribed, then the action shall forever be barred." (Our emphasis).

Under this section the trial court had no authority to set aside the original judgment unless appellant received

*notice or summons* as required by the positive ■ mandate of the above statute. *Papuschak* v. *Burich et al.* (1933), 97 Ind. App. 100, 105, 185 N. E. 876. Of course the service of such notice may be waived. *Spanier* v. *Spanier* (1951), 120 Ind. App. 700, 96 N. E. 2d 346. It is clear the appellant did not receive notice and did no act which would constitute a waiver of such notice. Hence, the action of the trial court in setting aside its order and judgment of October 11, 1948 was void.

We agree with appellant, therefore, that the court erred in setting aside its approval of Item 21 of the Commissioner's Report, which is as follows:

> "To Glenn Stalcup by way of payment on judgment held by Lela Cavins Kirkhart (now Lela Cavins Flaharty), against him as shown in Judgment Docket 27 page 207 in said Clerk's office, $252.67"

However, this error was cured by the order of Court made February 20, 1950 and hereinafter more fully discussed.

We likewise agree appellant was a proper party defendant in the partition suit. *McClure* v. *Raber* ■ *et al.* (1939), 106 Ind. App. 359, 19 N. E. 2d 891; *Schissel* v. *Dickson et al.* (1891), 129 Ind. 139, 28 N. E. 540.

As heretofore stated, the record discloses that on the 20th day of February, 1950 the court, on its own motion, ordered this cause stricken from the files. In our ■ opinion this constituted a dismissal of appellee's action to set aside the original judgment.

On the 5th day of September, 1950 appellee filed what he denominated his motion to redocket said cause. His motion recites the facts disclosed by the record and avers

he has four good defenses to original answer of appellant. It then avers the answers of appellant were not proper in said original action. On the same day the trial court sustained this motion and ordered that notice thereof be given to appellant. In answer to that notice, appellant filed the answer in bar referred to herein.

In our opinion the trial court had no authority to set aside its order dismissing the cause of action presented by appellee's action of December 28, 1948, after the close of the term of court at which said order was made. *Papuschak* v. *Burich et al., supra.* The only way that order could be set aside after the term closed was pursuant to § 2-1068, Burns', *supra,* or for fraud. Here again the court sustained the motion to redocket without notice to appellant. Furthermore, nowhere in the motion is there any averment that the order of dismissal should be set aside because it was taken by reason of "his mistake, inadvertence, surprise or excusable neglect." It does not allege fraud in the procurement of the order made on the court's own motion. The trial court erred in its order and judgment of January, 1951.

In view of the conclusion we have reached it is not necessary to consider other questions presented by appellant.

For the reasons stated herein, the judgment is reversed with instructions for further proceedings in accord with the views herein expressed.

Note.—Reported in 101 N. E. 2d 820.