WALKER ET AL. *v.* SOKOL.

[No. 18,266. Filed April 23, 1952. Rehearing denied June 14, 1952. Transfer denied October 7, 1952.]

*Jesse D. Wright,* of Indianapolis, and *Gerald P. Shine,* of Anderson, for appellant.

*William L. Peck,* of Anderson, for appellee.

MARTIN, J.—On October 16, 1950, in the October term of the Madison Circuit Court, a judgment was entered in favor of the appellee awarding damages for personal injuries in the sum of $5,000.

On December 14, 1950, during the October term of said court, the appellant herein filed in said cause wherein judgment had been entered, his verified motion to set aside said judgment predicated on the averments that such judgment was entered against him through mistake, inadvertence and excusable neglect. The court

did not rule upon said motion during said October term of 1950.

The next proceedings had in the cause was the filing by appellee herein on February 23, 1951, a plea in abatement, challenging the jurisdiction of the court. Said plea in abatement was put at issue on appellant's answer, was submitted for trial and evidence heard. Thereafter, on March 19, 1951, the court sustained the plea in abatement of the appellee. Appellant filed a motion for a new trial and the court overruled said motion on July 23, 1951.

The errors assigned and relied upon by the appellant for reversal in this court are: that the court erred in sustaining the plea in abatement of appellee to appellant's motion to set aside default and judgment, and, that the court erred in overruling appellant's motion for a new trial.

The only evidence heard by the court on the plea in abatement was substantially as follows:

> My name is Wanda Sokol; I live at 3522 Hamilton Place, Anderson, Indiana; I was the plaintiff in an action in this court against Clarence E. Walker, d/b/a Walker Exchange, Walker Furniture Store; and, I placed the claim in judgment on October 19, 1950.
>
> I have not received any notice from this court of a motion to set aside that judgment. I have received no summons and the Sheriff has not come to my house with any paper of any kind.

There was no cross examination by defendant.

The appellee's plea in abatement to appellant's motion to set aside the judgment alleged in part as follows:

> ". . . that this court has no jurisdiction to hear the motion pending, to set aside and vacate the judgment in this cause for the reason that said petition to vacate and set aside this judgment was

not by complaint filed and notice issued as in original causes of action as required by the laws of the State of Indiana."

Burns' 1946 Replacement, §2-1068, provides in part as follows:

"The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, on complaint filed and notice issued, as in original actions within two (2) years from and after the date of the judgment, except where judgment on default has been rendered in a suit to quiet title to real estate in which case the complaint for relief from judgment on default shall be filed within one (1) year from and after the date of judgment quieting title, and if the complaint is not filed within the period of time herein prescribed, then the action shall forever be barred: Provided, That the provisions of this act pertaining to relief from judgment taken on default in a suit to quiet title to real estate shall apply to any judgment taken on default which is of record at the time of the passing of this act, and of which judgment was obtained in a suit to quiet title to real estate, and shall apply to any and all persons whether service of process be by summons or by publication."

This court had before it the consideration of the above statute in the case of *Hessong* v. *Wolf* (1927), 85 Ind. App. 581, 151 N. E. 15, in which the court said:

"It is earnestly contended by appellants that since the motions were filed at the same term of court at which the default was taken, the provision of the statute that the application for relief must be by complaint with notice as in an original action, has no application; that the provision applies only to a proceeding of this character when the same is commenced after the close of the term at which the default was taken. The contention of appellants cannot prevail. The trial court's construction of the statute as amended is correct, and is in accord with the interpretation of the same

statute by the Supreme Court in a recent opinion. *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195."

In *State ex rel. Lawson* v. *Stodola* (1949), 226 Ind. 631, 633, 82 N. E. 2d 896, the court said:

"The power of the court over its own civil judgments during the entire term at which they are rendered, is unlimited. *Livingston* v. *Livingston* (1920), 190 Ind. 223, 130 N. E. 122; *Wabash R. Co.* v. *City of Gary* (1921), 191 Ind. 394, 132 N. E. 737."

In *State ex rel. Medley* v. *Markey* (1950), 228 Ind. 299, 301, 92 N. E. 2d 320, the court said:

"The default judgment was set aside after the term of court ended, and, with the ending of the term, the court's power over this judgment ceased. *Hefton* v. *State* (1934), 206 Ind. 663, 668, 190 N. E. 847; *Scheiring* v. *Baker* (1931), 202 Ind. 678, 682, 177 N. E. 866."

The appellant contends that his motion to set aside the judgment during the term of court in which the judgment was rendered was sufficient to bring the issues and the parties before and within the jurisdiction of the court. With this we cannot agree. The court has an inherent power during the term, without any action on the part of the litigant, to set aside, alter or change his judgment, however, if a litigant files a proceeding to set aside a judgment, under the provisions of Burns' 1946 Replacement, §2-1068, *supra,* he must comply with the provisions of said statute in order to obtain jurisdiction of the parties and to extend the court's jurisdiction over said matters beyond the end of the term of court in which said judgment was rendered. *Flaharty* v. *Stalcup* (1951), 121 Ind. App. 659, 101 N. E. 2d 820.

This court has held that where an application to set aside a judgment is required to be by independent action, it will be so treated notwithstanding it is entitled as a part of the original action and designated as a motion. *Gilmer* v. *Hurst* (1946), 117 Ind. App. 102, 69 N. E. 2d 608; *Vail* v. *Dept. of Financial Institutions* (1938), 106 Ind. App. 39, 17 N. E. 2d 854.

Since the motion herein was filed without the issuance of summons or notice to the parties, as provided by Burns' 1946 Replacement, §2-1068, *supra,* the court was without jurisdiction after the expiration of the term at which said judgment was rendered. *State ex rel. Medley* v. *Markey, supra.* We are of the opinion that a term time motion filed to set aside a judgment is insufficient to obtain jurisdiction of the parties after the expiration of said term of court without the issuance and service of process or notice, as provided by statute. Of course, the service of such process or notice may be waived. *Flaharty* v. *Stalcup, supra; Spanier* v. *Spanier* (1951), 120 Ind. App. 700, 96 N. E. 2d 346. It is clear that there was no process or notice received by the appellee and the appellee did no act which would constitute a waiver of such process or notice.

Finding no reversible error, the judgment is affirmed.

ACHOR, J., not participating.

NOTE.—Reported in 105 N. E. 2d 339.