LEPSCH *v.* MARLOWE.

[No. 19,494. Filed April 2, 1963. Rehearing denied May 10, 1963. Transfer denied July 2, 1963.]

*Tennis & Cochran* and *George W. Kilbourne,* both of Sullivan, for appellant.

*Bedwell & Bedwell,* of Sullivan, for appellee.

CLEMENTS, J.—This is an appeal from the refusal of the Sullivan Circuit Court to set aside a default judgment.

On October 3, 1958, the Sheriff of Sullivan County, finding no one at home, left a copy of a summons and complaint at the defendant-appellant's usual or last place of residence. At the time the suit was filed and at the time of the trial, this was statutory notice to the appellant. Section 2-803, Burns' 1946 Replacement.

January 7, 1959, with no appearance by defendant-appellant either in person or by attorney, a default was taken, and upon plaintiff-appellee's evidence the court rendered a default judgment against appellant in the amount of $6,800.

January 28, 1959, during the same term of court, appellant, by her attorneys, appeared specially and filed a verified "Motion to Set Aside Default Judgment" in which she alleges that "she at no time received any notice, summons, or *information* of the filing or pendency of said action." (Our italics.) Appellant contends that she had no knowledge or information of the action and that she was taken by surprise.

Notice of the filing of the "Motion" was issued January 28, 1959, and was served on plaintiff-appellee by the Sheriff. Appellant used the same statutory copy service on appellee that she complains of in her action to set aside the default judgment taken against her.

On January 30, 1959, hearing was had on appellant's "Motion," some evidence was submitted and the cause

continued. On various subsequent dates further evidence was heard, and on February 11, 1960, the hearing of evidence was completed and the cause taken under advisement.

On March 3, 1960, the trial court entered its order which, omitting formal parts, is as follows:

> "The Court having heretofore taken its finding under advisement and having considered the same and being duly and fully advised in the premises now finds against the defendant and for the plaintiff on defendant's verified motion to set aside default judgment.
> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the verified motion of the defendant to set aside default judgment heretofore taken January 7, 1959, be and the same is hereby denied."

The evidence favorable to the appellee is as follows:

Appellant resided at 128 Delaware Street, Shelburn, Indiana, and worked each day except Thursdays and every other Sunday at Arnold's News Agency in Sullivan, Indiana. That the Sheriff, finding no one at the defendant-appellant's residence, left the complaint and summons at appellant's place of residence between the screen and door on October 3, 1958. That thereafter appellant received a registered letter from appellee's attorney; that plaintiff-appellee's attorney personally called upon her at her place of employment; and that her employer told her that he had seen her name in the paper.

On cross-examination appellant made the following statement:

> "I had receive a registered letter from you [Plaintiff-appellee's attorney] stating that if I did not notify my insurance company judgment would be taken and other than that I did not know what was going on."

From the evidence in the record before us, the trial court could reasonably have inferred that appellant had some information of the pendency of the law suit and was not taken wholly by surprise.

"When an issue concerning the credibility of witnesses or the weight of the evidence is presented for our determination on appeal, we should carefully avoid any tendency to place ourselves upon the trial bench and usurp the functions of the trial judge. We are dealing with a cold record and cannot observe the witnesses, their conduct, and manner of testifying while on the witness stand." *Kraus* v. *Kraus, Executor, etc. et al.* (1956), 235 Ind. 325, 328, 132 N. E. 2d 608; *Hinds, Executor, etc.* v. *McNair et al.* (1956), 235 Ind. 34, 54, 55, 129 N. E. 2d 553; *Sullivan* v. *O'Sullivan* (1959), 130 Ind. App. 142, 151, 162 N. E. 2d 315.

Appellee, by his brief, raises a proposition, supported by authorities, that is more damaging to appellant than the fact of lack of notice or information of the pendency of the original action. We now consider appellee's proposition that since no motion for new trial was filed, setting forth the errors arising out of the trial of appellant's action to set aside the default judgment, that no question is presented in this appeal.

Appellant in her brief states:

"Appellant, being the defendant below, filed a motion to set aside a default judgment pursuant to Burns' Statute 2-1068, . . . ."

Appellee in his brief states:

"The procedure followed was *not* the procedure required by the statute (Burns' §2-1068.)

. . . . .

"However the irregularity was waived since the application was treated and tried as an independent action."

We said in *Morgan v. Sparling* (1953), 124 Ind. App. 310, at page 314, 115 N. E. 2d 514 (Transfer denied):

"Where, as in this case, a theory has been adopted by the parties and the trial court, and the case has been tried upon that theory, it must be adhered to on appeal." See also: *Oolitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 644, 83 N. E. 246, and cases cited; *Swisher et al.* v. *Keeler et al.* (1954), 124 Ind. App. 352, 358, 117 N. E. 2d 750.

Appellant, appellee and the trial court treated the proceedings as an independent action to set aside a default judgment under §2-1068, *supra*. We adopt their theory.

Appellant presents her case to this court on the following assignment of errors:

"The Court erred in overruling Appellant's motion to set aside the default judgment previously entered by it."

A default judgment can be set aside either during or after the term under the provisions of §2-1068, *supra,* which provides for relief "on complaint filed and notice issued, as in original actions, . . . ." *Walker* v. *Sokol* (1952), 122 Ind. App. 664, 667, 105 N. E. 2d 339 (Transfer denied); *Flaharty* v. *Stalcup* (1951), 121 Ind. App. 659, 665, 101 N. E. 2d 820; *Hessong* v. *Wolf* (1926), 85 Ind. App. 581, 584, 151 N. E. 15 (Transfer denied).

Although appellant's application was designated a "Motion," "[t]his court has held that where an application to set aside a judgment is required to be by independent action, it will be so treated notwithstanding it is entitled as a part of the original action and designated as a motion." *Walker* v.

*Sokol, supra,* at page 669 of 122 Ind. App.; *Gilmer* v. *Hurst* (1946), 117 Ind. App. 102, 104, 69 N. E. 2d 608.

In *State ex rel. Beckham, Sr.* v. *Vanderburgh Cir. Ct.* (1954), 233 Ind. 368, at page 371, 119 N. E. 2d 713, our Supreme Court said:

" . . . an action to set aside a default judgment under §2-1068, *supra,* is a new and different action requiring notice to the adverse parties and presenting a new and different cause for trial, wherein the burden of proof is on the party requesting relief from the judgment. It is not in any way a trial of the original issues but a determination of the facts surrounding the action of the court in rendering judgment against the defendant because of some mistake, inadvertence, surprise, or excusable neglect on his part."

A proceeding brought under the provisions of §2-1068, *supra,* is a new and separate action, presenting new and different questions of fact for the court's determination and a trial is contemplated. *State ex rel. Beckham, Sr.* v. *Vanderburgh Cir. Ct., supra,* at page 371 of 233 Ind.; *Walsh* v. *H. P. Wasson & Co., Inc.* (1938), 213 Ind. 556, 558, 13 N. E. 2d 696; *Walker* v. *Sokol, supra,* at page 669 of 122 Ind. App.

It is pointed out and urged by appellee that no motion for new trial was filed setting forth the errors arising out of the trial of appellant's action to set aside the default judgment, with the result that no question is presented in this appeal. With this contention we are compelled to agree.

"Without a motion for a new trial, the trial court would have no opportunity to review its own action. As was said by the Supreme Court in *State* v. *Swarts* (1857), 9 Ind. 221, 'It is due the lower Court that its errors, if any, should be pointed out there, so that it may retrace its steps while the record is yet under its control.' " *B. S. Pearsall Butter Co.* v. *Gibbon* (1922), 78 Ind. App. 308, 309,

135 N. E. 492. For proper procedure see: *Walsh* v. *H. P. Wasson & Co. Inc.*, *supra*, (1938), 213 Ind. 556, 557, 13 N. E. 2d 696. Cf: *Vail* v. *Dept. of Financial Institutions* (1938), 106 Ind. App. 39, 41-42, 17 N. E. 2d 854.

Rule 2-6 of the Supreme Court provides, in pertinent part, as follows:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently."

Appellant's assignment of errors presents no question to this court and the judgment of the trial court will be affirmed.

Judgment affirmed.

Cooper, C. J., Carson and Ryan, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 116.